Rod N. Andreason (Bar No. 8853)
KIRTON | MCCONKIE
400 Kirton McConkie Building
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, UT 84145-0120
Telephone: (801) 328-3600
Fax: (801) 321-4893
Email: *randreason@kmclaw.com*

Bijan Amini, NY #1989052 (*Admitted Pro Hac Vice*)
Avery Samet, NY #4245965 (*Admitted Pro Hac Vice*)
STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Telephone: (212) 490-4100
Fax: (212) 490-4208
Email:  *bamini@samlegal.com*
         *asamet@samlegal.com*

*Attorneys for Plaintiff Mrs. Fields Franchising, LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MFGPC, INC., a California corporation,<br><br>Defendant. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE CROSS- AND COUNTER-CLAIMS OF MFGPC, INC.**<br><br>Case No. 2:15-cv-00094-DB<br><br>Judge Dee Benson |

4819-9901-3415.v1

Plaintiff and counterclaim defendant Mrs. Fields Franchising, LLC ("MFF"), cross-defendant Mrs. Fields Famous Brands, LLC ("FBI'), and cross-defendant Mrs. Fields Confections, LLC ("MFC," and together with MFF and FBI, collectively "Counterdefendants"), by and through their counsel of record, Rod N. Andreason and Kirton McConkie, hereby respectfully file this Reply Memorandum in further support of Counterdefendants' motion (the "Motion") to Dismiss the First Amended Cross- and Counter-claims of Defendant and Counterclaimant MFGPC, Inc. ("MFGPC").[1]

## INTRODUCTION

MFGPC opposes the Motion because it purportedly "consists of an attempt by cross-defendants to argue their alternative version of the relevant facts…." (Opp. Br. 1). In addition, MFGPC claims the Motion must fail because, quoting the test of *Conley v. Gibson*, 355 U.S. 41, 47 (1957), the Amended Countercomplaint puts Counterdefendants on "fair notice of what MFGPC's claims are and the grounds upon which they rest." (Id.) Both propositions are wrong.

First, far from arguing Counterdefendants' alternate view of the facts, the Motion relies on the facts <u>as averred by</u> Christopher Lindley, MFGPC's principal, in a declaration sworn under oath and submitted in support of MFGPC's motion for a preliminary injunction. Those facts are binding on MFGPC, and the Countercomplaint obviously cannot plead around them. Those facts leave no uncertainty as to the merits of MFGPC's claims.

Second, the "fair notice" test of *Conley v. Gibson* has been buffeted by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiffs must allege plausible facts to support their claims. Claims which lack plausible support (for example, the

---

[1] MFGPC has labeled its counterpleading as a counterclaim and crossclaims. In the pleading itself, MFGPC designates all the claims as crossclaims. Nevertheless, it is clear that the counterpleading against the plaintiff MFF is a counterclaim and the claims asserted against FBI and MFC are third-party claims.

claim that MFGPC is informed on information and belief that MFF or maybe FBI is marketing popcorn under the brand name "Mrs. Fields" or maybe "Nutty Guys") are not taken as true or construed in the light most favorable to the pleader (*Cf.* Opp. Br. 2).

Third, MFGPC simply ignores whole swaths of the Motion. MFGPC fails to address the Amended Countercomplaint's failure to allege any cause of action against MFC, a party named in the counter-caption. MFGPC fails to address the terms of License Agreement which, even if somehow not terminated by virtue of MFGPC's *admitted* breaches, does not bar the marketing of popcorn, and expressly limits the exclusivity of a license to "Mrs. Fields" popcorn. MFGPC fails to address that its account stated claim never alleges that MFGPC ever submitted a statement for a $26,660 account, nor that MFF (or again maybe FBI) agreed to that number.

The Court should dismiss the Amended Counterclaims.

## REPLY STATEMENT OF FACTS

1. MFGPC has admitted that it had been in breach of all material terms under the License Agreement:

   (a) MFGPC has admitted that it failed to pay contractually obligated Running Royalties for the fourth quarter of 2012, all four quarters of 2013, and all four quarters of 2014. Lindley Dec., Ex. D.[2]

   (b) MFGPC has admitted that it failed to submit the required quarterly royalty reports mandated by the License Agreement, which would have allowed MFF to monitor the royalties owed. Lindely Dec. at ¶27.

   (c) MFGPC has admitted that it failed to submit the required annual royalty reports. *Id.*

---

[2] "Lindley Dec." refers to the February 26, 2015 Declaration of Christopher Lindley submitted in support of MFGPC's preliminary injunction motion [Doc. No. 14].

    (d) MFGPC has admitted that it failed to maintain the requisite insurance mandated by the License Agreement. *Id.*

2.     MFGPC previously asserted two affirmative defenses to those breaches, defenses which are not specifically alleged in the Amended Countercomplaint:

    (a) Lindley claimed that at an unspecified point in time prior to the Termination Letter, MFF orally waived the requirement to pay royalties by agreeing "that MFGPC could forgo payment of Q4 2012 and all of 2013 Running Royalties." Lindley Dec. at ¶16.

    (e) Lindley claimed that MFGPC had retroactively cured its failures to pay Running Royalties for Q4 2012 and for all of 2013 and 2014 when, after the Termination Letter, MFGPC emailed a spreadsheet purporting to (i) provide an accounting of royalties incurred in those years and (ii) apply those royalties to separate, open invoices for product shipped to FBI. *Id.* ¶17, Ex. D.[3]

3.     Even accepting the waiver facts as true for purposes of this Motion (which the Court should not, as the Amended Countercomplaint fails to allege them), the oral waiver argument contradicts the express terms of the License Agreement requiring waivers to be reduced to writing and delivered to the other party. Section 22(e) of the License Agreement provided that MFF or MFGPC could "by written instrument waive or reduce any obligation or restriction upon the other under this Agreement, effective upon delivery of written notice thereof to the other or such other effective date stated in the notice of waiver." In addition, MFGPC has asserted no waiver of the requirement to pay Running Royalties in 2014, which it admits it failed to pay for each and every quarter.

---

[3] While the spreadsheet was attached as Ex. D. to the Lindley Dec., the January 31, 2015 email forwarding the spreadsheet was annexed to the Andreason Declaration [Doc. No. 18-2] as Ex 1.

4

4819-9901-3415.v1

4. Even accepting, for purposes of this Motion, that MFGPC actually attempted to apply a retroactive setoff on January 31, 2015 (which the Court should not, as the Amended Countercomplaint fails to allege it),[4] such a retroactive setoff has no bearing on the whether or not MFGPC breached the License Agreement or whether MFF unfairly terminated it. As previously argued to this Court, (i) the retroactive setoff failed to comply with the reporting requirements of the License Agreement, §§ 5(b), 8(a) and 8(b), (ii) the retroactive setoff cannot apply to running royalties, (iii) the retroactive setoff does not comport with the required setoff procedures set forth in the License Agreement, §3(b), and (iv) the retroactive setoff is inconsistent with the Lindley Dec. (Compare Lindley Dec. Ex. D, calculating 2012 royalties off of 2012 sales of $573,743, with Lindley Dec. ¶15, claiming 2012 sales of $658,000), such that the retroactive setoff lacks all plausibility.

## REPLY TO THE STANDARDS ON THE MOTION

While MFGPC cites *Iqbal* and *Twombly* (Opp. Br. 1-2), MFGPC fails to apprehend the sea change in the law, "retiring" the test of *Gibson v. Conley*. *See Ridge at Red Hawk*, *LLC*, v. *Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Thus, MFGPC incorrectly relies on *Erickson v. Pardus*, 551 U,S, 89, 94 (2007) for the proposition that "[i]n determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader." (Opp Br. 2). Only plausible facts are so treated and construed. *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014)

---

[4] The closest the Amended Countercomplaint comes to alleging the setoff defense is by alleging that "[a]s of the present time, and after giving FBI/MFF a credit for Running Royalties that would be due them under the License Agreement, FBI/MFF owes MFGPC the sum of $26,660.43…." (AC ¶14). At best, this is an allegation that (i) if MFGPC were to credit MFF with the unpaid Running Royalties that it now admits are owed and (ii) if MFF and FBI could be considered one and the same company, that MFF/FBI would owe MFGPC the sum of $26,660.43.

In addition, MFGPC incorrectly argues that the Amended Countercomplaint puts Counterdefendants on "fair notice" of the claims.  Again, this is not the question.  The question is whether the Amended Countercomplaint states plausible facts sufficient to support its causes of action.  *See Slater v. A.G. Edwards & Sons Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) (plaintiff "must plead facts sufficient to state a claim to relief that is plausible on its face to survive.")

In determining the sufficiency of the claims alleged, the Court may consider documents incorporated into the Countercomplaint.  *Hall v. Bellmon*, 935 F.3d 1106, 1112 (10th Cir. 1991).

## ARGUMENT

### I.  MFGPC FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

MFGPC argues that its breach of contract claim boils down to an argument that MFF improperly terminated the License Agreement.  (Opp. Br. 2-4).  However, MFGPC has admitted all of MFF's complaints.  (See above).  Its two affirmative defenses fail as a matter of law and do not give rise to an affirmative claim for breach against MFF, let alone against FBI.

Waiver.  On the preliminary injunction motion, MFGPC's principal defense was that MFF had waived the requirement to pay Running Royalties for Q4 2012 and all of 2013.  In opposition, MFF showed that this defense violates the unambiguous contractual requirement that, to be enforceable, all waivers must be reduced to writing and delivered to the other party.  License Agreement §22(e).  MFF also showed that this defense violates the Utah Statute of Frauds.  Utah Code Ann. §25-5-4(1)(a) (stating that any agreement calling for performance in more than one year must be in writing to be enforceable).

Months later, MFGPC filed its Amended Countercomplaint.  The Amended Countercomplaint fails to allege any waiver or that MFGPC was in compliance of its obligations to pay Running Royalties in 2012, 2013, or 2014.  Instead, MFGPC alleges that prior to the

Termination Letter, MFF never informed it that MFGPC was in default of its obligations to pay royalties. (AC ¶13). Even taking this allegation as true, it is immaterial. Nothing in the License Agreement required MFF to provide a warning or default notice to MFGPC concerning unpaid Running Royalties. Instead, the License Agreement placed the burden on MFGPC to timely and accurately inform MFF of all outstanding royalties. MFGPC undisputedly failed to do so.

For these reasons, as described in the Motion, the Amended Counterclaims' recitations of how the Termination Letter was improper and how the Complaint improperly alleges additional breaches are completely meaningless. MFGPC has admitted its breach and has failed to even allege its waiver argument, which even if it had, would fail as a matter of law.

Retroactive Setoff. MFGPC's second defense to why it had not breached the License Agreement was that 40 days after the Termination Letter, it sent MFF a spreadsheet purporting to apply all the missing Running Royalties to other separate invoices sent to FBI. As discussed above, this defense violates the terms of the License Agreement, is inconsistent with the Lindley Dec., and generally makes little sense.

Even if valid (which it most certainly is not), the Retroactive Setoff defense – essentially a no-harm-no-foul defense – is no defense at all. The License Agreement requires contemporaneous and continuous reporting and payment obligations. Nothing in the License Agreement allows for these failures to be rectified post-Termination. More importantly, nothing in the License Agreement requires MFF to continue in business with a partner who failed to perform for years and years and then subsequently discovered a way to post-hoc justify its failures. In fact, MFGPC does not even claim a Retroactive Setoff under the terms of the License Agreement, claiming only that "[a]s of the present time, and after FBI/ MFF a credit for Running Royalties that would be due them under the License Agreement, FBI/MFF owes

MFGPC the sum of $26,660.43 on account for MFGPC packaged popcorn...." (AC ¶28). However, such a claim does not comply with the plain terms of the License Agreement. (License Agreement §3(b)).

For this reason as well, MFGPC's generalized claims that MFF breached the License Agreement by terminating it fall far short of stating a claim for relief.

## II. THERE IS NO CLAIM ASSERTED AGAINST MFC; THEREFORE, MFC MUST BE DISMISSED FROM THIS ACTION

There are no causes of action asserted against MFC in the Amended Countercomplaint. Therefore, MFC must be dismissed from this action. MFGPC's opposition brief fails to address the Motion on this point.

## III. EVEN WITH THE PROPOSED REVISIONS, MFGPC STILL FAILS TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

In response to the Motion, MFPGC proposes to remove two clauses from its Third Claim for Relief (breach of the implied covenant of good faith and fair dealing) against FBI and MFF. MFGPC's proposed revision is woefully inadequate. It fails to comply with Fed. R. Civ. P. 15 and leaves the Third Claim for Relief illegible. More importantly, the revision entirely fails to address the Motion's argument against this claim.

MFGPC argues that paragraph 31 of the Amended Counterclaim alleges that the Counterdefendants "themselves concede that the [License] Agreement requires cross-defendants 'to refrain from marketing products competitive with products that MFGPC was authorized to market and has been marketing pursuant to the agreement.'" (Opp Br. 9). There has been no such concession, the Motion (as well all the previous briefing in this case) argues otherwise and there is no allegation of any concession contained in paragraph 31 of the Amended Counterclaim.

8

The quoted language from paragraph 31 is merely MFGPC's self-serving paraphrasing of the License Agreement's terms. As argued in the Motion, the actual terms of the License Agreement contain no such provision. (Motion at 9). Instead, the License Agreement prohibits only "Mrs. Fields" branded popcorn. (License Agreement §2). MFGPC fails to address this argument and fails to address the case law cited in the Motion in support of the same. (Motion 9-10).

Moreover, there are no plausible facts alleged in the Amended Counterclaim that any party to this action is marketing any popcorn under any label. The Amended Counterclaim recites that an affiliate of MFF purchased another company which owned "the 'Nutty Guys' brand of premium 'popcorn products.'" (AC ¶ 17). Otherwise, and with no plausible facts actually alleged, MFGPC simply states "Plaintiff is informed and believes, and on that basis alleges, that FBI/ and/or MFC are marketing Mrs. Fields branded popcorn and/or 'Nutty Guys' branded popcorn through Mrs. Fields retail distribution channels." (*Id.*).

## IV.   MFGPC HAS FAILED TO STATE A CLAIM FOR ACCOUNT STATED

There is no allegation that (a) MFGPC ever provided MFF or FBI with a stated account for $26,660.43 or (b) MFF or FBI ever expressly or impliedly agreed that such statement was correct. Therefore, the Amended Counterclaim fails to state a claim for account stated.

Instead, MFGPC misleadingly attempts to bootstrap an argument it advanced on the preliminary injunction motion into a cause of action for account stated. The argument goes like this: Sometime in 2014, MFGPC sent invoices to FBI totaling $70,222.60. In December 2014, MFF terminated the License Agreement, in part for MFGPC's failure to pay Royalties and failure submit Royalty Reports. On January 31, 2015 (and after MFGPC, through counsel, threatened to sue MFF), MFGPC forwarded an excel spreadsheet purportedly containing years of

royalty information.  The spreadsheet showed $43,562 owing from MFGPC to MFF over a period of two years.  Therefore, MFPGC retroactively applied these unreported royalties to the invoices to demonstrate that it had paid its royalties all along.  After subtracting these unpaid and unreported royalties from the amount of the invoices, MFGPC arrived at the figure of $22,660.43.  Whatever this argument represents, it is not a claim for account stated.

## CONCLUSION

For these reasons, the Court should dismiss the Amended Counterclaims.

DATED this 18th day of August, 2015

                                                Respectfully submitted,

                                                KIRTON MCCONKIE

                                                By:   /s/ Rod N. Andreason
                                                       Rod N. Andreason
                                                       Attorneys for Plaintiff Mrs. Fields
                                                       Franchising, LLC

Of Counsel:
Bijan Amini, Esq. (*Admitted Pro Hac Vice*)
Avery Samet, Esq. (*Admitted Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on this __18th__ day of August, 2015, I caused a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE CROSS- AND COUNTER-CLAIMS OF MFGPC, INC.** to be delivered by the method indicated below to the following:

```
[  ]   U.S. MAIL             James Dumas
[  ]   HAND DELIVERY         DUMAS AND ASSOCIATES
[  ]   FAX TRANSMISSION      3435 WILSHIRE BLVD STE 990
[  ]   FEDERAL EXPRESS       LOS ANGELES, CA 90010
[X ]   CM/ECF                Email: jdumas@dumas-law.com


[  ]   U.S. MAIL             Peter W. Guyon
[  ]   HAND DELIVERY         614 NEWHOUSE BLDG
[  ]   FAX TRANSMISSION      10 EXCHANGE PLACE
[  ]   FEDERAL EXPRESS       SALT LAKE CITY, UT 84111
[X ]   CM/ECF                (801)322-5555
                             Email: pguyon@yahoo.com
```

/s/ Lisa Sledge

4819-9901-3415.v1