Rod N. Andreason (Bar No. 8853)
KIRTON | MCCONKIE
400 Kirton McConkie Building
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, UT 84145-0120
Telephone: (801) 328-3600
Fax: (801) 321-4893
Email: *randreason@kmclaw.com*

Bijan Amini, NY #1989052, (*Admitted Pro Hac Vice*)
Avery Samet, NY #4245965, (*Admitted Pro Hac Vice*)
STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Telephone: (212) 490-4100
Fax: (212) 490-4208
Email:  *bamini@samlegal.com*
           *asamet@samlegal.com*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff and Counter Defendant,<br>v.<br><br>MFGPC, INC., a California corporation,<br><br>　　　　Defendant, Counterclaimant,<br>　　　　and Third Party Plaintiff,<br>*and*<br><br>MRS. FIELDS FAMOUS BRANDS, LLC, a/k/a Famous Brands International;<br><br>　　　　Third Party Defendant. | **ANSWER TO MFGPC, INC.'S "FIRST AMENDED COUNTERCLAIM AND CROSS-CLAIMS"**<br><br>Case No. 2:15-cv-00094-JNP-DBP<br><br>Judge Jill N. Parrish |

1

Plaintiff and counterclaim defendant Mrs. Fields Franchising, LLC ("MFF") and third-party defendant Mrs. Fields Famous Brands, LLC dba Famous Brands International ("FBI" and together with MFF, "Counterclaim Defendants"), by and through their undersigned counsel of record, hereby respectfully file this Answer to the "First Amended Counterclaim and Cross-Claims" (the "Counterclaim") filed by Defendant MFGPC, Inc. ("MFGPC"), as follows:

## PARTIES

1. Counterclaim Defendants are without information sufficient to admit or deny the allegations of Paragraph 1 of the Counterclaim and therefore deny them.

2. Counterclaim Defendants admit the allegations of Paragraph 2 of the Counterclaim.

3. Counterclaim Defendants admit the allegations of Paragraph 3 of the Counterclaim.

4. Counterclaim Defendants deny that Mrs. Fields Confections, LLC is a party to this case and deny the remaining allegations of Paragraph 3 of the Counterclaim.

## JURISDICTION AND VENUE

5. Counterclaim Defendants admit the allegations of Paragraph 5 of the Counterclaim.

6. Counterclaim Defendants admit the allegations of Paragraph 6 of the Counterclaim.

7. Counterclaim Defendants admit the allegations of Paragraph 7 of the Counterclaim.

8. Counterclaim Defendants admit the allegations of Paragraph 8 of the Counterclaim.

**GENERAL ALLEGATIONS**

9. Responding to the allegations of Paragraph 9 of the Counterclaim, Counterclaim Defendants admit that the referenced Trademark License Agreement ("License Agreement") is a validly-executed contract between the parties identified therein, aver that the License Agreement speaks for itself, deny all allegations as to the License Agreement's content that are inconsistent therewith, and deny the remaining allegations of Paragraph 9.

10. Responding to the allegations of Paragraph 10 of the Counterclaim, Counterclaim Defendants aver that the License Agreement speaks for itself, deny all allegations as to the License Agreement's content that are inconsistent therewith, and deny the remaining allegations of Paragraph 10.

11. Responding to the allegations of Paragraph 11 of the Counterclaim, Counterclaim Defendants aver that the License Agreement speaks for itself, deny all allegations as to the License Agreement's content that are inconsistent therewith, and deny the remaining allegations of Paragraph 11.

12. Responding to the allegations of Paragraph 12 of the Counterclaim, Counterclaim Defendants admit that the rights and obligations of LHF, Inc. under the License Agreement were assigned to MFGPC, that the rights of Mrs. Fields' Original Cookies, Inc. under the License Agreement were assigned to MFF, and that MFF is the plaintiff in this action. Counterclaim Defendants are without sufficient information to know what MFGPC thought or believed. Counterclaim Defendants deny the remaining allegations of Paragraph 12.

13. Responding to the allegations of Paragraph 13 of the Counterclaim, Counterclaim Defendants admit that MFPGC paid Guaranteed Royalties prior to April 2008 and thereafter paid

a partial amount of the Running Royalties it owed. Counterclaim Defendants deny the remaining allegations of Paragraph 13.

14. Responding to the allegations of Paragraph 14 of the Counterclaim, Counterclaim Defendants admit that Mrs. Fields sold popcorn to its customers that was packaged by MFGPC, aver that the License Agreement speaks for itself, deny any characterizations in Paragraph 14 that are inconsistent with the express terms of the License Agreement, and deny the remaining allegations of Paragraph 14.

15. Responding to the allegations of Paragraph 15 of the Counterclaim, Counterclaim Defendants admit that various Mrs. Fields companies have suffered financial hardships, sought bankruptcy protection, employed multiple chief executive officers, and/or had turnover in their marketing and licensing employees. Counterclaim Defendants deny the remaining allegations of Paragraph 15.

16. Responding to the allegations of Paragraph 16 of the Counterclaim, Counterclaim Defendants admit that counsel for MFF sent to Christopher Lindley of MFGPC a letter similar to that referenced in (but not attached to) Paragraph 16 of the Counterclaim as Exhibit "B," aver that the letter and the License Agreement speak for themselves, deny any characterizations in Paragraph 16 that are inconsistent with the express terms of those documents, and deny the remaining allegations of Paragraph 16.

17. Responding to the allegations of Paragraph 17 of the Counterclaim, Counterclaim Defendants aver that the referenced press release speaks for itself and deny all allegations inconsistent therewith. Counterclaim Defendants are without sufficient information to know what MFGPC thought or believed. Counterclaim Defendants deny the remaining allegations of Paragraph 17.

4817-6068-6685.v1

18. Counterclaim Defendants deny the allegations of Paragraph 18 of the Counterclaim.

19. Responding to the allegations of Paragraph 19 of the Counterclaim, Counterclaim Defendants aver that the referenced letter speaks for itself, deny all allegations inconsistent with its content, and deny the remaining allegations of Paragraph 19.

20. Responding to the allegations of Paragraph 20 of the Counterclaims, Counterclaim Defendants admit that MFF filed its Complaint in this action, aver that the Complaint speaks for itself, and deny the remaining allegations of Paragraph 20.

## FIRST CLAIM FOR RELIEF

21. Counterclaim Defendants incorporate by reference their responses to paragraphs 1 through 20, above.

22. Counterclaim Defendants deny the allegations of Paragraph 22 of the Counterclaim.

23. Counterclaim Defendants deny the allegations of Paragraph 23 of the Counterclaim.

24. Counterclaim Defendants deny the allegations of Paragraph 24 of the Counterclaim.

25. Counterclaim Defendants deny the allegations of Paragraph 25 of the Counterclaim.

## SECOND CLAIM FOR RELIEF

26. Counterclaim Defendants incorporate by reference their responses to paragraphs 1 through 25, above.

27. The Court has dismissed this claim, and thus no response is required. To the extent a response is required, the allegations in this Paragraph 27 are denied.

28. The Court has dismissed this claim, and thus no response is required. To the extent a response is required, the allegations in this Paragraph 28 are denied.

29. The Court has dismissed this claim, and thus no response is required. To the extent a response is required, the allegations in this Paragraph 29 are denied.

### THIRD CLAIM FOR RELIEF

30. Counterclaim Defendants incorporate by reference its responses to paragraphs 1 through 29, above.

31. The Court has dismissed this claim, and thus no response is required. To the extent a response is required, the allegations in this Paragraph 31 are denied.

32. The Court has dismissed this claim, and thus no response is required. To the extent a response is required, the allegations in this Paragraph 32 are denied.

33. The Court has dismissed this claim, and thus no response is required. To the extent a response is required, the allegations in this Paragraph 33 are denied.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrines of waiver, estoppel, ratification, laches, and/or acquiescence.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred because MFGPC has failed to mitigate its damages, if any.

4817-6068-6685.v1

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the first breach rule.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by MFGPC's failure to perform a condition precedent.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is subject to recoupment, setoff, and/or offset.

### SEVENTH AFFIRMATIVE DEFENSE

Counterclaim Defendants expressly reserve the right to assert additional defenses, by way of affirmative defenses, counterclaims and/or third-party claims, as additional facts are disclosed in the course of discovery.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim Defendants pray as follows:

1. That the Counterclaim be dismissed with prejudice and MFGPC take nothing therefrom;

2. For an award of Counterclaim Defendants' reasonable attorneys' fees and costs incurred in defending against the Counterclaim pursuant to Utah Code Ann. § 78B-5-825 and the terms of the License Agreement; and

3. For such other and further relief as the Court may deem just and proper.

DATED this 13th day of February, 2018

          Respectfully submitted,

          KIRTON MCCONKIE

          By:   /s/ Rod N. Andreason
                Rod N. Andreason
                *Attorneys for Plaintiff Mrs. Fields Franchising, LLC*

Of Counsel:
Bijan Amini, Esq. (*Admitted Pro Hac Vice*)
Avery Samet, Esq. (*Admitted Pro Hac Vice*)

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 13th day of February 2018, I caused a true and correct copy of the foregoing **ANSWER TO MFGPC, INC.'S "FIRST AMENDED COUNTERCLAIM AND CROSS-CLAIMS"** to be delivered to all counsel of record by the court's electronic filing system.

                                               /s/ Danilynn Ahlstrom