Brian M. Rothschild (15316)
John L. Cooper (16025)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
BRothschild@Parsonsbehle.com
JCooper@Parsonsbehle.com
ECF@Parsonsbehle.com

*Attorneys for the Plaintiff MFGPC, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MFGPC, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MRS. FIELDS FAMOUS BRANDS, LLC, a Delaware limited liability company, dba Famous Brands International; MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,<br><br>    Defendants. | **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND REVISE CASE CAPTION**<br><br>Civil No. 2:15-cv-0094-JNP-DBP<br><br>Judge Jill N. Parrish<br><br>Magistrate Dustin B. Pead |

## INTRODUCTION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff MFGPC, Inc. ("**Plaintiff**" or "**MFGPC**"), by and through its counsel of record, seeks leave to (a) file the Amended Complaint, attached as Exhibit 1 hereto, and (b) revise the caption the parties will use in this case going forward. Although Mrs. Fields Famous Brands, LLC ("**Famous Brands**") and Mrs. Fields Franchising, LLC ("**MFF**" and, together with Famous Brands, "**Defendants**") were

originally plaintiff and third-party defendant, respectively, they no longer have any viable claims. On August 20, 2018, the Court issued its Memorandum Decision and Order Granting MFGPC's Motion for Summary Judgment (the "**Memorandum Decision**"), docket no. 132.  The only remaining issue in this case is the relief to which MFGPC is entitled.  Accordingly, it is an appropriate juncture to revise and simply the contentions in the active Amended Complaint, and to revise and simplify the caption to avoid confusion and unnecessary prolixity in the pleadings.

MFGPC's proposed Amended Complaint removes unnecessary or duplicative claims of unjust enrichment and breach of good faith and fair dealing.  Instead, MFGPC in the Amended Complaint states the basis upon which the Court determined on summary judgment that Defendants breached the Trademark License Agreement and articulates the relief it seeks: damages, specific performance, declaratory judgment, and temporary and permanent injunctions.

The Court is well within its discretion to permit MFGPC to file its Amended Complaint under Rule 15 to streamline and simplify resolution of the remaining issues in this case.

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

1.      The parties were successors in interest to the parties to a Trademark License Agreement (the "**Agreement**") granting MFGPC the exclusive right and license to use the Mrs. Fields trademark and brand name for marketing MFGPC's high-quality, pre-packaged popcorn products.  The parties did mutually profitable business for more than a decade under the Agreement, and Plaintiff invested more than $750,000 in its operations.  But in 2014, Defendants acquired another company, the "Nutty Guys" brand, which included a popcorn manufacturing operation.  Defendants now had two popcorn manufacturing operations, where only one was

required. Defendants saw an opportunity to take the profits for themselves and so ginned up allegations of a breach of the Agreement by MFGPC as a pretext for terminating the Agreement.

2. Defendants sent a notice of termination purporting to terminate the Agreement. The notice, however, did not state any valid basis for terminating the Agreement, and, in fact, did not comply with the termination provisions in Section 16 of the Agreement.

3. On February 10, 2015, MFF filed its Complaint in this case against MFGPC seeking a declaratory judgment that the Agreement was properly terminated and no longer in effect. (Docket 2.)

4. On February 24, 2015, MFGPC filed its Answer to MFF's complaint and also filed its first Counterclaim and Cross-Claims asserting causes of action against Famous Brands, MFF, and Mrs. Fields Confections, LLC. (Dkt. 10, 11.)

5. On May 14, 2015, MFGPC filed its First Amended Counterclaim and Cross-Claims asserting claims against Famous Brands and MFF for Breach of Written Agreement and Breach of Implied Covenant of Good Faith and Fair Dealing, and a claim against Famous Brands for Account Stated. (Dkt. 33, 41.)

6. On June 22, 2015, MFF filed its Motion to Dismiss the Cross and Counter-Claims of MFGPC, Inc. and Memorandum in Support. (Dkt. 36.)

7. On October 29, 2015 and February 24, 2016, the Court issued orders granting MFF's Motion to Dismiss MFGPC's cross and counterclaims. (Dkt. 49, 53.)

8. On August 10, 2016, MFGPC filed a Notice of Appeal as to the Court's Order on Motion to Dismiss Cross and Counterclaims. (Dkt. 66.)

9.     On January 8, 2018, the United States Court of Appeals for the Tenth Circuit issued a Mandate as to MFGPC's Notice of Appeal.  The Tenth Circuit Court of Appeals issued an Order and Judgment (the "**Tenth Circuit's Order**") affirming in part, reversing in part, and vacating in part the judgment of the District Court.  (Dkt. 97.)  The Tenth Circuit's Order reversed the dismissal of MFGPC's breach of contract claim and affirmed the dismissal of MFGPC's account stated claim.  (*Id.*)  The Tenth Circuit's Order also affirmed the ruling that allowed MFF to voluntarily dismiss its claim for a declaratory judgment.  (*Id.*)

10.    On August 20, 2018, the Court issued its Memorandum Decision, which granted summary judgment on liability, but did not rule on remedies or damages.  (Dkt. 132.)  The Court ruled that the termination letter was ineffective to terminate the Agreement, and that Defendants were in total breach of their obligations under the Agreement.  (*Id.*)  The only remaining issue in this case is the relief to which MFGPC is entitled.  MFGPC in the Amended Complaint states the basis upon which the Court determined on summary judgment that Defendants breached the Agreement and articulates the relief it seeks, including damages, specific performance, declaratory judgment, and temporary and permanent injunctions.

## ARGUMENT

### I. THE COURT SHOULD GRANT MFGPC LEAVE TO AMEND TO SIMPLIFY THE COMPLAINT CONSISTENT WITH THE MEMORANDUM DECISION.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The grant of leave to amend the pleadings pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court." *Castleglen, Inc. v. Resolution Tr. Corp.*, 984 F.2d 1571, 1584 (10th Cir. 1993). However, "[t]he purpose of [Rule 15(a)(2)] is to provide litigants the maximum opportunity for

4

each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (*quoting Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)) (second alteration in *SCO Grp., Inc.*) (internal quotation marks omitted). Accordingly, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Generally leave to amend should only be denied where there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (*quoting Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)) (internal quotation marks omitted). None of the reasons for denying leave to amend are present here.

### A. There Is No Undue Delay Associated with MFGPC's Motion.

"Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter*, 451 F.3d at 1205. Thus, "[l]ateness does not itself justify the denial of the amendment." *R. E. B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975). Rather, "[l]eave to amend may properly be denied for *undue delay*." *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (emphasis added). Undue delay occurs "when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365-66. Accordingly, courts "focus[] primarily on the reasons for the delay." *Minter*, 451 F.3d at 1206.

Here, there is no undue delay associated with MFGPC's Motion for Leave to Amend. The Court in its August 20, 2018 Memorandum Decision specifically invited MFGPC to file an Amended Complaint. This Motion has been filed exactly one month later after careful analysis of

the Memorandum Decision. It is in light of the Memorandum Decision that MFGPC seeks to amend its Complaint to clarify and distill its claims and relief sought.

MFGPC sought but was unable to obtain leave to amend and revise the caption from opposing counsel.

This case is not in its advanced procedural stages and no discovery has yet been conducted. While this case was initiated by MFF in early 2015, there has been no undue delay by MFGPC in seeking leave to amend its claims against Famous Brands and MFF. MFGPC could not have sought leave to amend its claims while its appeal was pending. MFGPC did, in fact, seek leave to amend prior to the Court's decision in the Memorandum Opinion. MFF's claim against MFGPC seeking a declaratory judgment has been disposed of via a voluntary dismissal, which was affirmed by the Tenth Circuit. With the dismissal of MFF's claim, MFGPC now stands as the plaintiff in this case, with MFF and its related entities as the Defendants. Since the Court issued its Memorandum Decision only a month ago, and with the new procedural posture of the case established by that decision, MFGPC's Motion for Leave to Amend is timely.

    **A.**    **The Amendments Will Not Prejudice the Defendants.**

The proposed amendments will not prejudice the Defendants. According to the Tenth Circuit, the "most important" factor in determining whether to grant a motion to amend the pleadings "is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1208 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* (*quoting Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir.1971)). This most often

arises "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1207.

Here, MFGPC seeks to clarify and state with specificity the remaining issues before this Court, and to revise the caption to simply the pleadings. Because discovery has not yet been taken, allowing MFGPC to amend its Complaint will not unfairly affect the Defendants' responses to the proposed Amended Complaint. *See Salt Lake City Corp. v. ERM-W., Inc.*, No. 2:11-CV-1174 TS, 2014 WL 2946593, at *2 (D. Utah June 30, 2014) ("In light of the fact that the parties are still engaging in discovery, it is unlikely that Defendants could demonstrate any significant prejudice even if the Court were to grant Plaintiff leave to amend at this juncture."). The causes of action and relief sought arise directly from the Court's Memorandum Decision, and the breach of contract found by the Court therein. They do not any new factual or legal issues as to liability, but rather articulate the relief to which MFGPC is entitled as a result of Mrs. Fields' breach. For these reasons, allowing MFGPC's proposed amendment will work no prejudice on the Defendants.

   **B.**  **MFGPC's Proposed Amendments Are Not Futile.**

The "futility" prong relates primarily to a court's determination of whether to grant leave to amend when it is also dismissing a prior complaint, and so is likely not applicable to this situation. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). When assessing whether a proposed amendment is futile, the court must accept all well-pled factual allegations in the proposed amended complaint as true. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (*quoting Sutton v. Utah State Sch. for Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) (noting the standard for assessing a motion to dismiss is that "all

7

well-pleaded factual allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party") (internal quotation marks omitted)).  Moreover, "[a] futility objection should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims." *SnapRays, LLC v. Ontel Prod. Corp.*, No. 2:16-CV-01198, 2017 WL 2241506, at *3 (D. Utah May 22, 2017) (*quoting Clearone Commc'n, Inc. v. Chiang*, 2:07–cv–00037–TC, 2007 WL 2572380, *1 (D. Utah, Sept. 5, 2007)) (internal quotation marks omitted).

Here, MFGPC's proposed amendments are not futile because MFGPC has already been granted partial summary judgment, and the Amended Complaint relies on the Court's rulings in the Memorandum Decision.

### C. In Seeking Leave to Amend Its Complaint, MFGPC Is Not Acting in Bad Faith or With an Improper Motive.

MFGPC's Motion for Leave to Amend is not based on bad faith or an improper, dilatory motive, and there is no evidence to support such an allegation.  Under these circumstances, MFGPC's request to amend its complaint is not the product of bad faith or a dilatory motive.

### CONCLUSION

For the foregoing reasons, MFGPC respectfully requests the Court grant its Motion for Leave to Amend Complaint to clarify its claims and add a claim for unjust enrichment.

Dated this 20th day of September, 2018.

PARSONS BEHLE & LATIMER

/s/ Brian M. Rothschild
Brian M. Rothschild
John L. Cooper
*Attorneys for Plaintiff MFGPC, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2018, I caused the foregoing **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO REVISE CASE CAPTION** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all parties.

/s/   Brian M. Rothschild

4815-6696-7411v1