# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MFGPC, INC., a California corporation, <br><br>     Counterclaim and Crossclaim/Third-Party Plaintiff, <br><br> v. <br><br> MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company, <br><br>     Counterclaim-Defendant, <br><br> and <br><br> MRS. FIELDS FAMOUS BRANDS, a Delaware limited liability company, d.b.a. Famous Brands International, <br><br>     Crossclaim/Third-Party Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MFGPC'S MOTION TO AMEND AND ORDERING SUPPLEMENTAL BRIEFING** <br><br> Case No. 2:15-cv-00094-JNP-DBP <br><br> District Judge Jill N. Parrish <br> Magistrate Judge Dustin B. Pead |

    Before the court is the Motion for Leave to File Amended Complaint and Revise Case Caption filed by defendant and counterclaim and crossclaim/third-party plaintiff MFGPC, Inc. ("MFGPC"). Plaintiff and counterclaim defendant Mrs. Fields Franchising, LLC ("Mrs. Fields") and crossclaim/third-party defendant Mrs. Fields Famous Brands ("Famous Brands") oppose the motion. The court grants the motion in part, granting leave to amend the claims, but reserving judgment on the addition of "Doe Defendants" and the proposed revisions to the case caption.

1

# BACKGROUND

In 2003, MFGPC and Mrs. Fields entered into a Trademark Licensing Agreement (the "Agreement").[1] MFGPC received a license to manufacture and sell prepackaged popcorn bearing the "Mrs. Fields" trademark. In exchange, Mrs. Fields received royalties. The parties performed under the Agreement for over a decade. In the eleventh year, Mrs. Fields purported to terminate the Agreement, citing MFGPC's failure to pay the "Guaranteed Royalty." But MFGPC had paid the Guaranteed Royalty in full, so MFGPC informed Mrs. Fields that the termination was ineffective. Mrs. Fields never responded and instead filed suit.

Mrs. Fields' lawsuit sought a declaration that it had properly terminated the Agreement. In response, MFGPC filed counterclaims against Mrs. Fields as well as "crossclaims" against Mrs. Fields Famous Brands ("Famous Brands") and Mrs. Fields Confections ("Confections") for breach of contract, account stated, and breach of the implied covenant of good faith and fair dealing.[2] MFGPC alleged that Mrs. Fields' attempted termination was without basis and therefore constituted a repudiation of the Agreement.

Mrs. Fields moved to dismiss the counterclaim, and the court granted the motion, holding that MFGPC had failed to state a claim for breach of contract. Mrs. Fields then moved to

---

[1] On April 30, 2003, Mrs. Fields, through a predecessor entity, entered into a Trademark Licensing Agreement with LHF, Inc. Under the Agreement, LHF obtained a license to develop, manufacture, package, distribute, and sell prepackaged popcorn products bearing the "Mrs. Fields" trademark. Christopher Lindley executed the Agreement on behalf of LHF. On June 30, 2003, LHF assigned its right and obligations under the Agreement to MFGPC—another entity owned and operated by Mr. Lindley.

[2] Although originally filed by MFGPC as "cross-claims," the Court of Appeals for the Tenth Circuit characterized the claims as third-party claims in its Mandate ("Tenth Circuit Order") (ECF No. 97). As explained below, the court requests supplemental briefing on the issue of how the claims should be characterized.

voluntarily dismiss its complaint for declaratory judgment as moot. The court granted the motion and dismissed Mrs. Fields' complaint.

MFGPC appealed, arguing, among other things, that the court erred when it dismissed MFGPC's counterclaim and crossclaim/third-party claim for breach of contract. The Tenth Circuit agreed, reversing the dismissal of the breach of contract counterclaim and crossclaim/third-party claim and remanding the case for further proceedings. Because Mrs. Fields' Complaint had been voluntarily dismissed, only MFGPC's counterclaim and crossclaim/third-party claim for breach of contract against Mrs. Fields and Famous Brands remained viable on remand.

On remand, both parties moved for summary judgment. On August 20, 2018, the court granted summary judgment in favor of MFGPC, holding that MFGPC had established the first three elements of its breach of contract counterclaim: (1) the parties' relationship was governed by a valid contract; (2) MFGPC substantially performed under the Agreement; and (3) Mrs. Fields improperly repudiated the Agreement, thereby committing an actionable breach. Because MFGPC had not moved for summary judgment on the issue of a remedy, the court left that issue for another day.

At the time of the court's order, MFGPC had a pending motion for leave to amend. In the order granting summary judgment, the court directed MFGPC to notify the court within seven days if it still sought leave to amend. On September 20, 2018, MFGPC filed the present motion seeking leave to amend and to correct the case caption. The court struck MFGPC's former motion for leave to amend as moot. The court now addresses the present motion to amend.

## ANALYSIS

### I. Leave to Amend

MFGPC filed its first counterclaim and crossclaim complaint on February 24, 2015. MFGPC amended those claims on May 14, 2015. After the appeal to the Tenth Circuit and subsequent remand, Mrs. Fields answered the First Amended Counterclaim and Crossclaim Complaint on February 13, 2018. MFGPC filed a motion for leave to file an amended complaint on March 8, 2018. MFGPC filed its present motion to amend on September 20, 2018, one month after the court's order granting summary judgment in favor of MFGPC. MFGPC moves the court for leave to amend the counterclaim and crossclaim complaint to add claims for equitable relief and to add 100 "Doe Defendants."

Because the named counterclaim and crossclaim defendants have answered and more than 21 days have passed since the filing of the answer, MFGPC may amend only with permission of the court pursuant to Fed. R. Civ. P. 15(a)(2). "The grant of leave to amend the pleadings pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court." *Castleglen, Inc. v. Resolution Tr. Corp.*, 984 F.2d 1571, 1584–85 (10th Cir. 1993) (internal citation omitted). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). As none of the elements for refusing leave to amend are present, the court grants MFGPC leave to amend in part, but reserves judgment on the addition of the "Doe Defendants" due to MFGPC's failure to comply with the Federal Rules of Civil Procedure.

1. **Bad Faith**

   Mrs. Fields has not alleged that MFGPC acted in bad faith, nor does the court find any evidence of bad faith in the pleadings.

2. **Undue Delay**

   MFGPC has not unduly delayed. Although a substantial amount of time has passed since the inception of this suit, MFGPC filed its first motion to amend just five weeks after remand, and the present motion just over a month after the summary judgment order. Moreover, both motions to amend were filed before the entry of a scheduling order. There was not a scheduling order because the parties did not hold a Rule 26(a) Planning Meeting until after the order on the motions for summary judgment. Consequently, there was no deadline for seeking to amend the pleadings. The court is therefore unpersuaded by Mrs. Fields' argument that MFGPC delayed in seeking leave to amend.

3. **Prejudice**

   "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207–08 (10th Cir. 2006) (citing *United States v. Hougham*, 364 U.S. 310, 316 (1960)). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.*, at 1208 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). The court concludes that Mrs. Fields will not be unduly prejudiced. MFGPC does not seek to inject entirely new claims into the proceedings. Rather, MFGPC seeks only to add separate claims for declaratory judgment and equitable relief. And even these claims are not entirely new because MFGPC's active counterclaim already requests both damages and equitable relief. First Amended Counterclaim and Cross-Claims at ¶ 25. Mrs. Fields will be able to fully

prepare its defenses because, despite four years of litigation, the parties did not begin discovery until recently. Thus Mrs. Fields will have ample opportunity to develop its defenses.

### 4. Futility

"'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017), *cert. denied sub nom. U.S. ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 139 S. Ct. 78 (2018) (quoting *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015)). "A complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails to allege facts that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Fields v. City of Tulsa*, 753 F.3d 1000, 1012–13 (10th Cir. 2014)). Mrs. Fields argues that the proposed amendments adding claims for declaratory and injunctive relief are futile because the court's finding that Mrs. Fields breached the Agreement precludes equitable relief. Mrs. Fields also argues that adding Doe Defendants would be futile.

#### a. Equitable Relief

The court finds that the claims for equitable relief are not futile. Both legal and equitable remedies are available for a breach of contract. *See Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1162 (10th Cir. 1998) (comparing equitable and legal remedies in breach of contract suits). MFGPC is not estopped from seeking equitable relief merely because the court has already ruled that Mrs. Fields breached the Agreement. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962) ("the legal claims involved in the [breach of contract] action must be determined prior to any final court determination of respondents' equitable claims"). Indeed, MFGPC has also filed a motion for temporary restraining order, on which the court has ordered a full evidentiary hearing. At that

hearing, the merits of the claim will be determined, but for purposes of amendment, the claim is not futile on its face.

   b. **Doe Defendants**

Mrs. Fields argues that adding 100 Doe Defendants would be futile because they would not be liable as licensees of the trademark agreement that Mrs. Fields breached. In so arguing, Mrs. Fields relies on *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006). In *ICEE*, the court held that "[a]n exclusive licensee does not have a claim for trademark infringement against a subsequent licensee. The claim arises instead under inducing breach against the subsequent licensee and for breach of contract against the licensor." *Id.* But MFGPC does not seek damages against the subsequent licensees. Rather, it seeks injunctive relief. And the *ICEE* court actually upheld injunctive relief against the licensees based on the underlying breach of contract, even though it refused to award damages for breach of contract against the licensees. *Id.*, at 850. Similarly, in this case, MFGPC seeks only injunctive relief against the Doe Defendants. Thus, MFGPC's motion to add Doe Defendants is not futile.

However, the court reserves judgment on whether to allow MFGPC to add the Doe Defendants at this juncture. First, the court cautions MFGPC that it will not award injunctive relief against nameless parties that have not been properly joined. The law is clear that parties are not entitled to a declaratory judgment that would affect non-parties to the suit. *See* Fed. R. Civ. P. 57 advisory committee's note to 1937 adoption. Although MFGPC may amend its complaint with "Doe Defendants" as placeholders, MFGPC must properly identify and properly join any parties before they can be subject to injunctive relief.

Moreover, the court declines to rule on MFGPC's motion to add the Doe Defendants until MFGPC identifies under which Federal Rule of Civil Procedure it seeks to add them. MFGPC

previously has failed to distinguish between "crossclaim" and "third-party" claims. Crossclaims are governed by Fed. R. Civ. P. 13(g), while third-party claims are governed by Fed. R. Civ. P. 14. In order to amend its complaint, MFGPC must clarify via which Federal Rule it seeks to add the Doe Defendants.

  II.    **Request to Revise Case Caption**

The court also reserves judgment on MFGPC's request to revise the case caption. MFGPC asks that the case caption be revised and that MFGPC be renamed the plaintiff for simplicity. But MFGPC fails to cite any authority that would allow such a revision. Moreover, the court is concerned that changing the caption may give rise to additional confusion.

The court does, however, find it necessary to clarify the status of the current parties. Although MFGPC filed "cross-claims" (*see* ECF Nos. 11 and 41) against Famous Brands and Confections,[3] neither company was party to Mrs. Fields' original complaint.[4] "Cross-claims" can only be brought against co-parties. *See* Fed. R. Civ. P. 13(g). In order to bring crossclaims, MFGPC first would have needed to move to join Famous Brand and Confections pursuant to Fed. R. Civ. P. 19 or 20. Alternatively, MFGPC could have added Famous Brand and Confections as third-party defendants, pursuant to Fed. R. Civ. P. 14, after "serv[ing] a summons and complaint on a nonparty."[5] It appears that MFGPC failed to comply with the Federal Rules of Civil Procedure when joining these parties. But Famous Brands is still a purported party to the suit, despite MFGPC's apparent failure to properly join it. The uncertainty in Famous Brands' role in the suit

---

[3] All claims against Confections were dismissed with prejudice on October 29, 2015. As Confections was not a party to the breach of contract claim that was reinstated, Confections remains dismissed on remand. The clerk of court is asked to terminate Confections as a party.

[4] Famous Brands and Confections were added without motion by either party.

[5] In its Order, the Tenth Circuit Court of Appeals characterized the claims as third-party claims.

8

has caused much confusion. The court hereby orders MFGPC to file a supplemental memorandum, no longer than **5 pages**, clarifying Famous Brands' role in the suit, and showing cause as to why Famous Brands should not be dismissed for failure to properly join it as a party. The court also orders MFGPC to clarify whether it proposes to add the "Doe Defendants" as third-party or crossclaim defendants.

## ORDER

The court **HEREBY GRANTS IN PART** MFGPC's Motion to Amend and Revise the Case Caption (ECF No. 139). The court grants MFGPC leave to file an amended counterclaim and crossclaim/third-party complaint adding claims for injunctive and declaratory relief. But the court reserves judgment on whether MFGPC may add the Doe Defendants and whether MFGPC may revise the case caption. Within **TEN DAYS** of this Order, MFGPC shall file a supplemental memorandum of no more than **5 pages** specifying whether the claims against Famous Brands and the proposed claims against Doe Defendants, are crossclaim or third-party claims. MFGPC may also move to cure the joinder of Famous Brands. Failure to do so will result in the dismissal of Famous Brands for improper joinder. Within **seven days** of the court's ruling on the motion to revise the case caption, MFGPC shall file its amended complaint.

DATED January 8, 2019

BY THE COURT:

_____
JILL N. PARRISH, Judge
United States District Court