Brian M. Rothschild (15316)
John L. Cooper (16025)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
brothschild@parsonsbehle.com
jcooper@parsonsbehle.com

*Attorneys for MFGPC, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>MFGPC, INC., a California corporation,<br><br>    Defendant. | **MOTION TO EXTEND DEADLINES FOR DISCOVERY AND MEMORANDUM IN SUPPORT**<br><br>Civil No. 2:15-cv-0094-JNP-DBP<br><br>Judge Jill N. Parrish<br><br>Magistrate Dustin B. Pead |
| MFGPC, INC., a California corporation,<br><br>  Counterclaimant,<br><br>v.<br><br>MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company, and MRS. FIELDS FAMOUS BRANDS, LLC, a Delaware limited liability company, dba Famous Brands International,<br><br>    Counterclaim Defendants. | |

MFGPC, Inc. ("**MFGPC**"), hereby moves this Court for an order extending and modifying the deadlines for completing discovery, as set forth herein. A proposed order is attached as Exhibit A hereto.

## BRIEF STATEMENT OF RELIEF SOUGHT

For reasons set forth herein, and pursuant to the Court's discretionary authority under the law of this District and of the Tenth Circuit Court of Appeals, MFGPC moves for an Order extending the fact discovery cutoff by ninety days and extending the expert disclosure, report and discovery deadlines by a commensurate period of time. Good cause exists for these extensions, and the current deadlines have not yet expired.

## BACKGROUND FACTS

1. This case was commenced by Mrs. Fields Franchising, LLC ("**MFF**") on February 10, 2015, when MFF filed its Complaint against MFGPC seeking a declaratory judgment that the Trademark License Agreement was properly terminated and no longer in effect. (Dkt. 2.)

2. On February 24, 2015, MFGPC filed its Answer to MFF's Complaint and also filed its first Counterclaim and Cross-Claims asserting causes of action against Mrs. Fields' Famous Brands, LLC ("**Famous Brands**"), and Mrs. Fields Confections, LLC. (Dkt. 10, 11.)

3. On May 14, 2015, MFGPC filed its First Amended Counterclaim and Cross-Claims asserting claims against Famous Brands and MFF for Breach of Written Agreement and Breach of Implied Covenant of Good Faith and Fair Dealing, and a claim against Famous Brands for Account Stated. (Dkt. 33, 41.)

4. On June 22, 2015, MFF filed its Motion to Dismiss the Cross and Counter-Claims of MFGPC, Inc. and Memorandum in Support. (Dkt. 36.)

2

4849-9738-4335v1

5.	On October 29, 2015 and February 24, 2016, the Court issued Orders granting MFF's Motion to Dismiss MFGPC's cross and counterclaims. (Dkt. 49, 53.)

6.	On August 10, 2016, MFGPC filed a Notice of Appeal as to the Court's Order on Motion to Dismiss Cross and Counterclaims. (Dkt. 66.)

7.	On January 8, 2018, the United States Court of Appeals for the Tenth Circuit issued a Mandate as to MFGPC's Notice of Appeal. The Tenth Circuit Court of Appeals issued an Order and Judgment (the "**Tenth Circuit's Order**") affirming in part, reversing in part, and vacating in part the judgment of the District Court. (Dkt. 97.) The Tenth Circuit's Order reversed the dismissal of MFGPC's breach of contract claim and affirmed the dismissal of MFGPC's account stated claim. (*Id.*) The Tenth Circuit's Order also affirmed the ruling that allowed MFF to voluntarily dismiss its claim for a declaratory judgment. (*Id.*)

8.	On March 8, 2018, MFGPC filed its Motion for Leave to File an Amended Complaint. (Dkt. 101.) The Court took the Motion for Leave to Amend under advisement after the hearing held on July 18, 2018.

9.	On August 20, 2018, the Court issued its Memorandum Decision Granting Partial Summary Judgment (the "**Memorandum Decision**"), which granted summary judgment on liability, but did not rule on remedies or damages. (Dkt. 132.) The Court ruled that the termination letter was ineffective to terminate the Agreement, and that Defendants were in total breach of their obligations under the Agreement. (*Id.*) The only remaining issue in this case is the relief to which MFGPC is entitled.

10.	Following the entry of the Memorandum Decision Granting Partial Summary Judgment and in light of the Court's ruling asking MFGPC if it sought to amend its pleading, on September 20, 2018, MFGPC filed its Motion for Leave to File an Amended Complaint and revise

3

Case Caption (the "**Motion to Amend**").  (Dkt. 139.)  MFGPC in its proposed Amended Counterclaim states the basis upon which the Court determined on summary judgment that Defendants breached the Agreement and articulates the relief it seeks, including damages, specific performance, declaratory judgment, and temporary and permanent injunctions.

11. On December 17, 2018, the Court issued its Scheduling Order (Dkt. 167) setting the following deadlines:

| | |
|---|---|
| Last day to serve written discovery | 3/31/2019 |
| Close of fact discovery | 4/30/2019 |
| Final date for supplementation | 3/31/2019 |
| Last day to file motion to Amend Pleadings | 7/31/2019 |
| Last day to file Motion to Add Parties | 1/31/2019 |
| Expert reports for parties bearing burden of proof | 7/1/2019 |
| Expert counter reports | 8/1/2019 |
| Last day for expert discovery | 9/16/2019 |
| Dispositive motion deadline | 9/30/2019 |
| Trial Date | (unspecified) Q2 2020 |

12. Although the Court has additional briefing, as of the date hereof, **the Court has not issued an order granting or denying MFGPC's Motion to Amend**.  Thus, the only active Counterclaim against MFF and Famous Brands is the First Amended Counterclaim and Cross-Claims, filed May 14, 2015.  (Dkt. 41.)  This pleading was filed and answered prior to the erroneous Judgment, the Appeal, the Tenth Circuit's Order, and the Memorandum Decision Granting of Summary Judgment.  It was drafted by prior counsel and includes claims that have been dismissed and which should be amended in light of this Court's rulings and discovery taken.

13. Notably, in light of discovery, MFGPC filed its Motion for Joinder of Famous Brands and Perfect Snax Prime, LLC as Counterclaim Defendants on January 31, 2019, prior to the expiration of the deadline to do so. (Dkt. 183.) **As of the date hereof, the Court has not ruled on the Motion for Joinder.**

14. On March 19, 2019, the Court issued its Memorandum Decision and Order Granting Preliminary Injunction (the "**Injunction**"). (Dkt. 188.)

15. On March 26, 2019, MFF and Famous Brands filed their Notice of Appeal of the Injunction. (Dkt. 189.)

16. MFGPC served its First Set of Discovery Requests, including Requests for Admission, Interrogatories, and Requests for Production on November 2, 2018.

17. MFF and Famous Brands failed to produce responses by the required deadlines, and, when they did respond on December 17, 2018, produced no documents whatsoever. Following a meet and confer on a potential Motion to Compel, MFF and Famous Brands produced some documents in response to MFGPC's Discovery Requests, but failed or refused to produce any documents that were not in its own judgment directly relevant to "damages," taking the position that MFGPC was under no circumstances entitled to injunctive relief, and arrogating to themselves the right to limit discovery.

18. On March 26, 2019, MFGPC noticed the depositions under Rule 30(b)(6) of MFF and Famous Brands.

19. MFGPC will file its Motion to Compel no later than March 27, 2019, after giving MFF and Famous Brands an opportunity to complete a discovery stipulation to aid the Court in its determination of whether to compel production and responses.

4849-9738-4335v1

**ARGUMENT**

**GOOD CAUSE EXISTS FOR THE REQUESTED MODIFICATIONS TO THE SCHEDULING ORDER, AND THE Q2 2020 TRIAL DATE WILL NOT BE AFFECTED.**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In exercising its discretion, the Court considers the following factors: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Id.*

Application of the *Smith* factors here demonstrates good cause for the extension requested by MFGPC. First, trial is not imminent. The trial date is not yet even specified, but rather, the Scheduling Order merely provides that it can be expected to be scheduled in "2nd quarter of 2020.") (Dkt. 167.) The proposed extended dates will not affect the trial date, which can reasonably go forward in Q2 2020 in any event.

The non-moving party, although likely to object (because MFF and Famous Brands have objected to everything, including such innocuous relief as an Amended Complaint) will not be prejudiced in any foreseeable way.

As averred above, MFGPC has been diligent in discovery thus far. It sent its First Set of Discovery Requests on November 2, 2018, before the Scheduling Order was even entered. It has

4849-9738-4335v1

engaged in a lengthy meet-and-confer process (detailed in the Motion to Compel, to be filed immediately after this Motion), and it has noticed depositions of the opposing party. However, MFGPC is hampered in its ability to conduct discovery because (1) it does not have an Amended Counterclaim on file because the Court has not ruled on its Motion for Leave to Amend, authorizing it to file its Amended Counterclaim, and (2) the Court has not ruled on its Motion for Joinder of Perfect Snax Prime, LLC and Famous Brands. Nor have these two parties filed answers or asserted their defenses. Accordingly, although MFGPC can make reasonable guesses, it is ultimately in the dark about certain discovery it should take relevant to these parties' as-yet unrevealed defenses. In addition, significant time and distraction has been and will continue to be caused by the sub-litigation on the Cross Motions for Summary Judgment, MFGPC's Motion and Hearing on the Motion for Preliminary Injunctive Relief and now, MFF's and Famous Brands' appeal of that decision to the Tenth Circuit, MFGPC will be hampered in its ability to meet all discovery deadlines. MFGPC is an admittedly small business with small resources, which MFF and Famous Brands have continued to strain to the maximum as a litigation tactic. The only way to overcome these obstacles and conduct proper discovery is to put many, many additional lawyers on the case (which will balloon costs to MFGPC and, ultimately, to MFF and Famous Brands, as there is a fee-shifting provision in the Trademark License Agreement) or to extend discovery deadlines to keep the number of lawyers down.

Because MFF has refused to answer a number a discovery requests (also as detailed in the Motion to Compel) based on its twice-proved incorrect argument that MFGPC is not entitled to injunctive relief, MFGPC is all but certain to discovery additional relevant evidence.

## CONCLUSION

For the reasons stated above, MFGPC requests that the Court extend the deadlines for discovery in this matter as follows:

| | |
|---|---|
| Last day to serve written discovery | ~~3/31/2019~~7/1/2019 |

7

| | |
|---|---|
| Close of fact discovery | ~~4/30/2019~~7/31/2019 |
| Final date for supplementation | ~~3/31/2019~~7/1/2019 |
| Last day to file motion to Amend Pleadings | ~~7/31/2019~~10/31/2019 |
| Last day to file Motion to Add Parties | 1/31/2019 |
| Expert reports for parties bearing burden of proof | ~~7/1/2019~~10/1/2019 |
| Expert counter reports | ~~8/1/2019~~11/1/2019 |
| Last day for expert discovery | ~~9/16/2019~~12/16/2019 |
| Dispositive motion deadline | ~~9/30/2019~~12/31/2019 |
| Deadline to move to exclude expert testimony | ~~10/15/2019~~1/15/2020 |
| Trial Date | (unspecified) Q2 2020 |

DATED March 26, 2019.

**PARSONS BEHLE & LATIMER**

/s/ Brian M. Rothschild

Brian M. Rothschild
John L. Cooper
*Attorneys for MFGPC, Inc.*

8

# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MFGPC, INC., a California corporation,<br><br>Defendant. | **AMENDED AND RESTATED SCHEDULING ORDER**<br><br>Civil No. 2:15-cv-0094-JNP-DBP<br><br>Judge Jill N. Parrish<br><br>Magistrate Dustin B. Pead |
| MFGPC, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company, and MRS. FIELDS FAMOUS BRANDS, LLC, a Delaware limited liability company, dba Famous Brands International,<br><br>Counterclaim Defendants. | |

The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

1.  **PRELIMINARY MATTERS**

|   |   | **DATE** |
|---|---|---|
| a. | Rule 26(f)(1) Conference held? | _09/17/18_ |

  b. Have the parties submitted the Attorney Planning Meeting Form? <u>09/17/18</u>

  c. Deadline for 26(a)(1) initial disclosure? <u>10/12/18</u>

2. **DISCOVERY LIMITATIONS**

| | | |
|---|---|---|
| a. | Maximum Number of Depositions by Plaintiff(s) | 8 |
| b. | Maximum Number of Depositions by Defendant(s) | 8 |
| c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | 7 |
| d. | Maximum Interrogatories by any Party to any Party | 25 |
| e. | Maximum Requests for Admissions by any Party to any Party | 25 |
| f. | Maximum Requests for Production by any Party to any Party | 25 |
| i. | Last day to serve written discovery | 7/1/2019 |
| j. | Close of fact discovery | 7/31/2019 |
| k. | (optional) Final date for supplementation of disclosures and discovery under Rule 26(e) | 7/1/2019 |

The parties shall handle discovery of electronically stored information as follows:

**Pursuant to the Standard Protective Order under DUCivR 26-2. Furthermore, the Parties shall adhere to all terms of the Standard Protective Order under DUCivR 26-2**.

The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: *Include provisions of agreement to obtain the benefit of Fed. R. Evid. 502(d).*

3. **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1]

| | | |
|---|---|---|
| a. | Last Day to File Motion to Amend Pleadings | 10/31/2019 |
| b. | Last Day to File Motion to Add Parties | 1/31/2019 |

4. **RULE 26(a)(2) REPORTS FROM EXPERTS**

| | | |
|---|---|---|
| a. | Parties bearing burden of proof | 10/1/2019 |
| b. | Counter reports | 11/1/2019 |

5. **OTHER DEADLINES**

| | | |
|---|---|---|
| a. | Last day for expert discovery | 12/16/2019 |
| b. | Deadline for filing dispositive or potentially dispositive motions | 12/31/2019 |
| c. | Deadline for filing partial or complete motions to exclude expert testimony | 1/15/2020 |

6. **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

3

    a. Referral to Court-Annexed Mediation      <u>No</u>

    b. Referral to Court-Annexed Arbitration      <u>No</u>

    c. The parties will complete private mediation/arbitration by:      <u>N/A</u>

    d. Evaluate case for settlement/ADR on:      <u>08/17/19</u>

    e. Settlement probability:      <u>Poor</u>

**7. OTHER MATTERS:**

Parties should file all motions in limine well in advance of the final pre-trial conference.

If neither party designates an expert witness, the dates and deadlines subsequent to the expert discovery period may be advanced based upon stipulation of the parties or other order of the Court.

Signed                          BY THE COURT:

                                              _____
                                              Magistrate Dustin B. Pead

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2019, I served a true and correct copy of the foregoing **MOTION TO EXTEND DEADLINES FOR DISCOVERY AND MEMORANDUM IN SUPPORT** by filing a true and correct copy with the Court's ECF filing system, which sent a copy to each of the following:

Co-Counsel for Mrs. Fields Franchising, LLC and Mrs. Fields Famous Brands, LLC
Avery Samet
STORCH AMINI PC
2 GRAND CENTRAL TOWER
140 EAST 45TH STREET, 25TH FLOOR
NEW YORK, NY 10017
asamet@storchamini.com

Co-Counsel for Mrs. Fields Franchising, LLC and Mrs. Fields Famous Brands, LLC
Rod N. Andreason
Kirton McConkie
50 E. South Temple #400
Salt Lake City, UT 84111
randreason@kmclaw.com

PARSONS BEHLE & LATIMER

/s/ Brian M. Rothschild
Brian M. Rothschild
John L. Cooper
*Attorneys for MFGPC, Inc.*