IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MFGPC, INC., a California corporation,<br><br>Counterclaim Plaintiff,<br>v.<br><br>MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company; MRS. FIELDS FAMOUS BRANDS, a Delaware limited liability company, d.b.a. Famous Brands International; and PERFECT SNAX PRIME LLC, a Delaware limited liability company,<br><br>Counterclaim Defendants. | **ORDER GRANTING MOTION FOR JOINDER OF PERFECT SNAX**<br><br>Case No. 2:15-cv-00094-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

This matter is before the court on MFGPC's Motion for Joinder (ECF No. 183) and Motion for Clarification (ECF No. 185). On February 18, 2019, the court granted MFGPC's motion to join Mrs. Fields Famous Brands as a counterclaim defendant pursuant to Fed. R. Civ. P. 13 but reserved judgment on whether to permit joinder of Perfect Snax Prime LLC ("Perfect Snax"). The court now grants the Motion for Joinder of Perfect Snax as a counterclaim defendant under Fed. R. Civ. P. 13(h) for the following reasons.

Under Fed. R. Civ. P. 13(h), counterclaim defendants may be joined if the counterclaim asserted against them is also asserted against at least one existing party *and* the joinder comports with Federal Rule 19 or 20. *See* Rutter Group Practice Guide, *Federal Civil Procedure Before Trial* § 8:1217 (2018); *see also Homeworx Franchising, LLC v. Meadows*, No. 2:09CV11, 2010 WL 481413, at *3 (D. Utah Feb. 4, 2010). The Proposed Amended Counterclaim filed by MFGPC with its Motion for Joinder asserts two claims for equitable relief against Perfect Snax: 1) for

1

Declaratory Relief and 2) for Temporary and Permanent Injunctive Relief. These two claims are both also asserted against Mrs. Fields, the original counterclaim defendant in this case.

Joinder is also permissible under Fed. R. Civ. P. 20 because MFGPC's equitable claims relate to Mrs. Fields' improper licensing of MFGPC's exclusive right to sell Mrs. Fields' branded popcorn. Thus the "right to relief is asserted against [Mrs. Fields, Famous Brands, and Perfect Snax] . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and many questions "of law or fact common to all [counterclaim] defendants will arise in the action." Finally, as Perfect Snax is a Delaware corporation with its principal place of business in New Jersey, its joinder will not destroy diversity jurisdiction.

## ORDER

The court **GRANTS** MFGPC's Motion for Joinder of Perfect Snax (ECF No. 183). It is **HEREBY ORDERED** that Perfect Snax Prime LLC be joined as a Counterclaim Defendant in this matter pursuant to Fed. R. Civ. P. 13. MFGPC's Motion for Clarification (ECF No. 185) is terminated as moot. MFGPC is **HEREBY ORDERED** to file an Amended Counterclaim that comports with the court's orders regarding the Motion to Amend (ECF Nos. 171 and 184) within **SEVEN DAYS** of this Order.[1]

DATED April 5, 2019

BY THE COURT:

_____
JILL N. PARRISH, Judge
United States District Court

---

[1] MFGPC has filed two proposed Amended Counterclaims, one with its original Motion to Amend and a second with its Motion for Joinder. Neither counterclaim comports with the court's prior orders regarding the Motion to Amend. MFGPC must revise its Amended Counterclaim accordingly, removing all references to John Does 1-100.