Brian M. Rothschild (15316)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
brothschild@parsonsbehle.com
ECF@parsonsbehle.com

*Attorneys for MFGPC, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MFGPC, INC., a California corporation,<br><br>Defendant. | **MFGPC'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS (SHORT FORM – LOCAL RULE DUCivR. 37-1(a)(3), *et seq.*)**<br><br>Civil No. 2:15-cv-00094-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Dustin B. Pead |
| MFGPC, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company, and MRS. FIELDS FAMOUS BRANDS, LLC, a Delaware limited liability company, dba Famous Brands International,<br><br>Counterclaim Defendants. | |

MFGPC, Inc. ("**MFGPC**") requests Court adjudication of Counterclaim Defendants ("**Fields**")'s refusal to respond to discovery requests.

## **EXPEDITED TREATMENT/ADDITIONAL BRIEFING**

MFGPC requests expedited treatment and suggests that additional briefing and oral argument would benefit the Court. *See* DUCivR. 37-1(a).

## **SUMMARY**

Fields cannot or will not answer a simple question (among many others): How much popcorn did it or its licensees sell during the remaining term of MFGPC's exclusive agreement?

MFGPC seeks an order compelling Fields to produce updated verified responses to its discovery requests in accordance with this Court's Memorandum Decision and Order dated February 4, 2020. (ECF 250, the "**Discovery Order**"). MFGPC has never provided updated verified responses to discovery requests in accordance with Fed. R. Civ. P. 33(b) despite <u>more than 12 emails</u> and discovery teleconferences politely requesting and then demanding updated verified responses. Fields' responses, which have not been updated since December 2018 in accordance with the Discovery Order leave MFGPC with the original objection ridden non-responses given prior to the appeal and prior to the Discovery Order, leaving MFGPC unable to proceed to its noticed and now postponed depositions of Fields' representatives.

MFGPC cannot proceed with its depositions of Fields' witnesses until Fields provides verified, complete, and updated discovery responses. MFGPC lacks updated verified discovery responses that it can use at trial or in the depositions.

Fields' behavior has been consistent throughout this case: stonewall, delay, and obfuscate in an attempt to drive up MFGPC's costs and bleed out its small-business opponent. The Court

needs to discipline Fields with real consequences, including an award of fees, or the continuing lack of consequences will incentivize Fields to continue this behavior.

## BASIS FOR REQUEST FOR ORDER COMPELLING RESPONSES

On November 2, 2018, prior to the appeal, MFGPC sent Fields its First Set of Discovery Requests (the "**Requests**"), a true and correct copy of which is attached as Exhibit A hereto.  Fields in its responses relied on form objections and refused to answer most of the Requests, claiming that the requested information was not necessary or relevant.  (*See* Fields Responses (the "**Responses**"), a true and correct copy of which is attached as Exhibit B hereto.)

In April 2018, MFGPC moved to compel responses and, while the motion was pending, Fields produced some documents that it, in its unilateral view of what was relevant, deemed responsive.  The Court adjudicated that motion in Fields' favor on the basis that the new document production "may have" resolved the problem.  It did not.

Following the appeal, Mrs. Fields continued its efforts to resist any discovery in this matter in response to MFGPC's request for entry of a scheduling order, and the Court requested briefing. In the Discovery Order adjudicating the dispute, the Court determined the proper scope of discovery in this case as follows:

> Having reviewed the parties' arguments and the Tenth Circuit's decision, the court concludes that the scope of remaining discovery in this case should be limited, but not to the extent that Mrs. Fields desires.  Before explaining those limitations, the court first notes that while the Tenth Circuit opined that MFGPC's own sales data could serve "as a reasonable measure of MFGPC's damages," the Tenth Circuit did not conclude that MFGPC's own sales data was the only reasonable measure of damages or the only information relevant to MFGPC's damages.  Thus, although MFGPC's own sales data is highly relevant and perhaps the best measure of MFGPC's damages, MFGPC is entitled to discover other information that may also be highly relevant to its damages.  Nevertheless, that information and

2

the scope of discovery regarding MFGPC's damages must be limited in the following ways. First, discovery is limited to the prepackaged popcorn sector of Mrs. Fields' business. Second, as the Tenth Circuit noted, the actual calculation of damages is limited to the remainder of the third five-year term, i.e., from December 2014—when Mrs. Fields breached the License Agreement—to April 2018—when the third five-year term ended.  Third, given that Mrs. Fields would have prevented the License Agreement from renewing, the court concludes that information regarding Mrs. Fields' future valuations, plans, and initiatives for its prepackaged popcorn business beyond the third term are irrelevant and outside the proper scope of discovery in this case. Accordingly, MFGPC is precluded from seeking discovery on such information. Lastly, in addition to MFGPC's own profit and loss information, the court finds that the remaining discovery in this case should be focused on information regarding (1) the value of the License Agreement; (2) license agreements that Mrs. Fields entered into with third parties that violated MFGPC's exclusive rights under the License Agreement during the third five-year term; and (3) Mrs. Fields' own sales of its prepackaged popcorn products that violated MFGPC's exclusive rights under the License Agreement during the third term.

(Discovery Order, ECF 250, at 6-7.)

It cannot be that Fields fought so hard to stop discovery of these matters and that, when the Court ruled against Fields, it simply did not have to provide updated responses to the interrogatories.

And yet, following this Court's entry of the Discovery Order, Fields refused to produce updated verified responses to the Requests.  MFGPC met and conferred with, requesting that Fields provide updated responses to the Requests in light of the Discovery Order and verified pursuant to Fed. R. Civ. P. 26(e).  Fields first asserted that due to the COVID-19 pandemic, Fields' counsel, who is in New York, was unable to perform the work necessary to respond timely.  MFGPC agreed to wait patiently.  MFGPC followed up and eventually suggested and drafted at its own expense a

stipulation to extend the discovery deadlines so that MFGPC did not need to move to compel Fields to respond prior to the expiration of discovery.  (ECF 251, 252.)

MFGPC followed up requesting supplemental responses to the discovery requests on no fewer than **twelve occasions**, including January 2, 2020, February 11, 2020, February 18, 2020, February 23, 2020, March 3, 2020, March 6, 2020, March 9, 2020, April 3, 2020, April 14, 2020, April 27, 2020, May 7, 2020, May 13, 2020, and May 26, 2020.   In these communications, MFGPC's counsel specifically pointed out that Fields has never provided updated verified discovery responses in accordance with Fed. R. Civ. P. 33(b).  MFGPC has asked and been patient and longsuffering as it can possibly be.  A record of part of this effort is attached in the form of true and correct copies of the email correspondence pleading with Fields to produce responses to the Discovery Requests in accordance with the Discovery Order at Exhibit C hereto.

MFGPC is asking for basic information squarely within the scope of discovery as defined by the Court's Discovery Order.  By way of example only, Interrogatory No. 4 in the Requests is as follows:

> Identify and describe all sales of prepackaged popcorn bearing the Mrs. Fields Trademark, whether by Mrs. Fields or its licensees, including a description of volume, product specification, manufacturer, seller, retail outlet/platform/internet, etc., geographic location, royalties earned/paid, profits, and costs.

(Requests, Ex. A.)  Fields responded in a non-verified response as follows:

> ANSWER: Mrs. Fields objects to this interrogatory as unduly burdensome and disproportional, containing no scope limitations, seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case, and seeking information that is chiefly or exclusively in the possession or control of MFGPC. Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows: Mrs. Fields will provide the royalty reports provided to it by Perfect Snax

4

Prime, LLC upon the court's entry of a sufficient protective order in this action.

(Responses, Ex. B.)  Fields has <u>never</u>, despite more than twelve written requests and many phone conversations, updated this non-verified discovery response to provide the requested information. MFGPC will not have access to a verified response in depositions or for use at trial.

As recognized in this Court's Discovery Order, MFGPC is entitled to this information to prepare its case for damages.  Fields is attempting through stonewalling, to circumvent this Court's Discovery Order.  The Court should enter an order (1) compelling Fields to provided verified and updated responses to the Discovery Requests within the scope of the Discovery Order and (2) awarding MFGPC attorneys' fees and costs to disincentivize Fields from continuing to behave in this way in an attempt to bleed out MFGPC through attorneys' fees.

## CERTIFICATION

MFGPC attempted an exhaustive meet and confer.  A record of just a portion of that process is attached hereto as <u>Exhibit C</u>, showing the extensive accommodations and requests MFGPC's counsel went through to attempt to resolve this matter without approaching the Court.  Counsel also held three telephonic conferences during this period on these issues.

DATED this 18th day of June, 2020.

PARSONS BEHLE & LATIMER

/s/ Brian M. Rothschild
Brian M. Rothschild

*Attorneys for MFGPC, Inc.*

# **EXHIBIT A**

**DISCOVERY REQUESTS**

Brian M. Rothschild (15316)
John L. Cooper (16025)
Cedar Q. Cosner (16425)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
brothschild@parsonsbehle.com
jcooper@parsonsbehle.com
ccosner@parsonsbehle.com

*Attorneys for the Plaintiff MFGPC, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MFGPC, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MRS. FIELDS FAMOUS BRANDS, LLC, a Delaware limited liability company, dba Famous Brands International; MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company, and DOES 1-100<br><br>Defendants. | **PLAINTIFF MFGPC'S FIRST SET OF DISCOVERY REQUESTS**<br><br>Civil No. 2:15-cv-0094-JNP<br><br>Judge Jill N. Parrish |

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff MFGPC, Inc. ("**Plaintiff**" or "**MFGPC**"), hereby serves the following Plaintiff's First Set of Discovery Requests on Defendants Mrs. Fields Famous Brands, LLC and Mrs. Fields Franchising, LLC (collectively "**Mrs. Fields**" or "**Defendants**").  Plaintiff requests that, pursuant to Rules 33, 34, and 36, Defendants answer these discovery requests within 30 days of service.  These Discovery Requests are continuing in nature and require Mrs. Fields, without further request by

Plaintiff, to promptly supplement its response to any discovery request whenever, prior to trial, Mrs. Fields receives information that has the effect of rendering any response inaccurate, inadequate, or incomplete.  Plaintiff reserves the right to serve additional Interrogatories, Requests for Admission, and Requests for Production of Documents.

## DEFINITIONS

1.      The terms "**Defendants**," "**Mrs. Fields**," "**you**," or "**your**" refer to defendants Mrs. Fields Famous Brands, LLC and Mrs. Fields Franchising, LLC, including any of their agents, attorneys, accountants, consultants, investigators, representatives, and any and all other persons or entities affiliated with or acting at their request or for and on behalf of Defendants.

2.      The term "**Famous Brands**" refers to Mrs. Fields Famous Brands, LLC.

3.      The term "**MFF**" refers to Mrs. Fields Franchising, LLC.

4.      The terms "**Plaintiff**" or "**MFGPC**" refer to plaintiff MFGPC, Inc., including any of its agents, attorneys, accountants, consultants, investigators, representatives, and any and all other persons or entities affiliated with or acting at its request or for and on its behalf.

5.      The term "**Time Period**" means January 1, 2013 through the date of your response or any supplemental response, as applicable.

6.      The term "**Mrs. Fields Trademark**" means Mrs. Fields trademarks, service marks, and trade names.

7.      The term "**Trademark License Agreement**" means that certain Trademark License Agreement dated as of April 30, 2003 between Defendants and MFGPC or their predecessors and assignors, and all amendments or supplements thereto.

8.      The term "**document**" is used in the broadest possible sense permissible under Rule 34(a)(1) of the Federal Rules of Civil Procedure and is defined to include, without limitation, all writings or records of every kind in your custody, possession or control or in the custody,

2

possession or control of any agent, employee or representative of yours including, without limitation, letters, e-mails, telegrams, text messages, memoranda, reports, drawings, calendar or diary entries, plans, pamphlets, notes or records of meetings or conversations of any kind, charts, tabulations, analyses, statistical or information accumulations, financial statements, bills, receipts, work orders, purchase orders, invoices, canceled checks, general ledgers, accounting records of any kind, film impressions, photographs, video tapes or recordings, computer files, tape recordings, electronically stored information, archive and data storage tapes, computer and data disks, computer printouts (and electronic or other materials from which such printouts may be obtained), magnetic tapes, or mechanical reproductions (of sound, data or visual information), as well as drafts, revisions, amendments or supplements of the above, and copies of documents that are not identical duplicates of the originals (because, e.g., handwritten or "blind" notes appear thereon or are attached thereto). The term "document" shall specifically include all forms of "electronically stored information" as defined below.

9.     The terms "**Electronically stored information**" or "**ESI**" mean all information of all kinds of data or information created and/or maintained by electronic data processing systems, including all non-identical copies of such information. Electronically stored information specifically includes, but is not limited to, (a) computer programs (whether, private, commercial or work-in progress), (b) programming notes or instructions, and (c) input and/or output used or produced by any software program or utility including but not limited to (i) electronic mail messages (and all information referencing or relating to such messages anywhere on the computer system), (ii) word processing documents (and all information stored in connection with such documents), (iii) electronic spreadsheets or databases (including all records and fields and structural information, charts, graphs and outlines, arrays of information, and all other information

3

used or produced by any software), (iv) any and all miscellaneous files and/or file fragments, including Twitter, Facebook, or Instagram accounts, regardless of the media on which they reside and regardless of whether said electronic data exists in an active file, deleted file or file fragment. Electronically stored information also includes, but is not limited to, any and all information stored on any servers, main frames, computer memories, CD-RW drives, SAAS, portable hard drives or other portable storage devices, magnetic tapes of all types, microfiche, or on or in any other vehicle or digital data storage and/or transmittal, or in any other backup or data storage system.

10.     "**Communication**" means the disclosure, transfer, transmission and/or exchange of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

11.     "**Identify**" when used in reference to a document means to state:

    i.    The date, author, title and recipients of the document;

    ii.    A summary of the contents of the document;

    iii.    A description of the nature (e.g., letter, e-mail communication, memorandum, notes, tape recording, electronic data, etc.) of the document;

    iv.    The identity of the present custodian of the document;

    v.    The present location of the document; and

    vi.    The number of pages that the document contains.

12.     "**Identify**" when used in reference to a natural person means to state: (1) the name of the person; (2) the home and business addresses and telephone numbers of the person; and

(3) the nature of the business in which the person is involved and the business or professional title of the person.

13.     The terms "**individual**," "**person**," "**organization**," or "**entity**" mean, whether said terms are used separately or together, any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

14.     The terms "**regarding**," "**referring to**," "**about**," or "**relating to**" mean constituting, comprising, containing, setting forth, showing, disclosing, mentioning, describing, explaining, evidencing, consisting of, reporting, respecting, reflecting, summarizing, pertaining to, concerning, referencing, memorializing, recording, or bearing on, in any manner, either in whole or in part and either directly or indirectly, a stated matter, fact, action, occurrence, event, or thing.

15.     The terms "**and**" and "**or**" shall be construed conjunctively and disjunctively so as to require the broadest possible response.

16.     The term "**each**" means each and every.

17.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

18.     Responses to these Discovery Requests shall include such information as is available to Mrs. Fields and found within documents that are within the custody, possession, or control of Mrs. Fields, or are within the custody, possession, or control of any consultants, accountants, attorneys, or other agents of Mrs. Fields, or which are otherwise available to Mrs. Fields.  The fact that Mrs. Fields may not have physical possession of any document does not relieve Mrs. Fields of its obligation to produce documents legally under its control or over which Mrs. Fields is entitled to exercise dominion.

4840-3668-4921v1

19.     If the answers or portions of your answers to these Discovery Requests are supplied upon information and belief rather than upon actual knowledge, Mrs. Fields should so state and specifically describe or identify the source or sources of such information and belief.

20.     If objection is made to any part of an interrogatory or request, that part should be specified and the grounds for the objection stated, and any other portion of the interrogatory or request to which no objection is made should be responded to.

21.     If in answering these Discovery Requests you claim any ambiguity in either a discovery request or a definition or instruction applicable thereto, please identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

22.     The answers to the Discovery Requests should include an identification of each person having knowledge of the information provided in the answer, and of all documents and communications relating to that information.

23.     Defendants' attention is directed to Federal Rule of Civil Procedure 34(b)(2)(E), which requires that responsive documents be organized and labeled to correspond with the discovery request to which they are responsive, or produced as they are kept in the usual course of business.

24.     Produce all documents in their original or native file format, unless such format is not in general use or readable without special software or encryption, with all encryption removed or with key provided, with all metadata.

25.     Unless modified by the specific request, each request pertains to the Time Period.

## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSIONS NO. 1:   Admit that MFGPC paid the Initial Fee to Mrs. Fields as required under Section 5(a) of the Trademark License Agreement in the amount of $100,000.

6

REQUEST FOR ADMISSIONS NO. 2:  Admit that MFGPC paid to Mrs. Fields all Guaranteed Royalties owed as required under Section 6(a) of the Trademark License Agreement in the amount of $350,000.

REQUEST FOR ADMISSIONS NO. 3:  Admit that Mrs. Fields has been, and still is, marketing Mrs. Fields branded prepackaged popcorn products that are not sourced through MFGPC.

REQUEST FOR ADMISSIONS NO. 4:  Admit that Mrs. Fields has licensed to third-parties other than MFGPC the right to use the Mrs. Fields Trademark for marketing and selling prepackaged popcorn products.

REQUEST FOR ADMISSIONS NO. 5:  Admit that Mrs. Fields has not enforced MFGPC's exclusive right to use the Mrs. Fields Trademark for marketing and selling prepackaged popcorn products.

REQUEST FOR ADMISSIONS NO. 6:  Admit that MFCPC cannot acquire the right to use the Mrs. Fields Trademark from any entity other than you.

REQUEST FOR ADMISSIONS NO. 7:  Admit that you denied MFGPC's request to allow it to engage in online marketing and sales of MFGPC's products bearing the Mrs. Fields Trademark.

REQUEST FOR ADMISSIONS NO. 8:  Admit that you denied MFGPC's request to allow it to manufacture and sell kettle corn bearing the Mrs. Fields Trademark.

REQUEST FOR ADMISSIONS NO. 9:  Admit that you denied MFGPC's request to allow it to manufacture and sell Mrs. Fields branded popcorn in the healthy snacks category (as opposed to the indulgent snacking category).

4840-3668-4921v1

REQUEST FOR ADMISSIONS NO. 10: Admit that you denied MFGPC's request to include artificial ingredients, and yet have subsequently allowed other manufacturers/licensees to produce Mrs. Fields-branded popcorn with artificial ingredients.

## INTERROGATORIES

INTERROGATORY NO. 1:   State all factual grounds supporting your answers to all Requests for Admission above, whether answered with an admission or a denial or otherwise.

INTERROGATORY NO. 2:   Identify all entities that Mrs. Fields has licensed or allowed to use the Mrs. Fields Trademark on prepackaged popcorn products during the Time Period.

INTERROGATORY NO. 3:   Identify all entities and products using the Mrs. Fields Trademark on prepackaged popcorn products other than MFGPC.

INTERROGATORY NO. 4:   Identify and describe all sales of prepackaged popcorn bearing the Mrs. Fields Trademark, whether by Mrs. Fields or its licensees, including a description of volume, product specification, manufacturer, seller, retail outlet/platform/internet, etc., geographic location, royalties earned/paid, profits, and costs.

INTERROGATORY NO. 5:   Identify all entities, including Mrs. Fields or affiliates of Mrs. Fields, that Mrs. Fields has licensed to manufacture or allowed to manufacture or which has manufactured prepackaged popcorn products for sale using the Mrs. Fields Trademark during the Time Period.

INTERROGATORY NO. 6:   Identify and describe with particularity all prepackaged popcorn products being manufactured, marketed, or sold using the Mrs. Fields Trademark, including descriptions or pictures of the packaging, ingredients, labels, product title, retail price, and retail destination.

8

INTERROGATORY NO. 7:   Identify all Mrs. Fields personnel, employees, or outside consultants or other professionals who have responsibility for or management authority relating to Mrs. Fields' prepackaged popcorn business.

INTERROGATORY NO. 8:   Identify all complaints, costs, failures, or other events or evidence supporting that MFGPC breached the Trademark License Agreement, failed to maximize its use of the Mrs. Fields Trademark, or caused damage to the Mrs. Fields Trademark.

INTERROGATORY NO. 9:   Describe Mrs. Fields' expectations, goals, projections, and benchmarks for its popcorn category, including both sales and royalties.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:   Produce all documents that you referred to in answering the above Interrogatories and Requests for Admission, including all documents in their entirety that contain a part or all of each such answer, and all documents that you identified in the answer.

REQUEST FOR PRODUCTION NO. 2:   Produce all documents and communications containing any reference to MFGPC, Chris Lindley, President of MFGPC, or any MFGPC employees or agents.

REQUEST FOR PRODUCTION NO. 3:   Produce all documents containing analyses, data, plans, or information related to your prepackaged popcorn product category.

REQUEST FOR PRODUCTION NO. 4:   Produce all documents related to any license to, by, or with you to sell prepackaged popcorn products bearing the Mrs. Fields Trademark.

REQUEST FOR PRODUCTION NO. 5:   Produce all valuations, reports, analyses, research, appraisals, opinions, etc., of the Mrs. Fields Trademark and any related intellectual property, whether created by Mrs. Fields or others, including all documents forming the basis for those valuations.

9

REQUEST FOR PRODUCTION NO. 6:   Produce   all   documents   comprising   or constituting valuations and accountings of Mrs. Fields' prepackaged popcorn business, including documents sufficient to provide MFGPC with a full accounting of Mrs. Fields' profits, revenues, and expenses (including sales, royalties, or otherwise), forming the basis for the foregoing.

REQUEST FOR PRODUCTION NO. 7:   Produce all documents and communications related to potential licenses for the use of the Mrs. Fields Trademark for the sale or marketing of popcorn products, including solicitations and offers to third-parties whether or not those solicitations or offers did not result, or have not yet resulted, in Mrs. Fields granting a license.

REQUEST FOR PRODUCTION NO. 8:   Produce all documents and communications related to or reflecting the decision by Mrs. Fields to terminate or attempt to terminate MFGPC's license.

REQUEST FOR PRODUCTION NO. 9:   Produce all documents and communications expressing disapproval or dissatisfaction with MFGPC or Chris Lindley by any person, including you or in any consumer or retailer complaints, and any costs to Mrs. Fields incurred thereby.

REQUEST FOR PRODUCTION NO. 10: Produce all board meeting minutes, materials, presentations, and other documents referencing Lindley, MFGPC, the Trademark License Agreement, the termination of the Trademark License Agreement, MFGPC's plans for the popcorn category both pre- and post-termination.

DATED this 2nd day of November, 2018.

/s/ Brian M. Rothschild

Brian M. Rothschild
John Cooper
Cedar Q. Cosner
**PARSONS BEHLE & LATIMER**

*Attorneys for MFGPC, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 2nd day of November, 2018, **PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** was mailed First Class, postage prepaid, and served on the following:

<u>**Co-Counsel for Defendants:**</u>
Rod N. Andreason
Kirton McConkie
Kirton McConkie Building
50 E. South Temple #400
Salt Lake City, UT 84111

I hereby certify that on this 2nd day of November, 2018, **PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** was emailed and served on the following:

<u>**Co-Counsel for Defendants:**</u>
Rod N. Andreason
randreason@kmclaw.com

<u>**Co-Counsel for Defendants:**</u>
Avery Samet
asamet@storchamini.com

*/s/  Brian M. Rothschild*

# EXHIBIT B

## FIELDS' RESPONSES

Rod N. Andreason, *randreason@kmclaw.com*, (Bar No. 8853)
KIRTON | McCONKIE
400 Kirton McConkie Building
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, UT  84145-0120
Telephone: (801) 328-3600

Avery Samet, *asamet@storchamini.com,* (NY #4245965) *Admitted Pro Hac Vice*
STORCH AMINI PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Telephone: (212) 490-4100

*Attorneys for Counterclaim and Third-Party Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,<br><br>   Plaintiff Counter Defendant,<br><br>v.<br><br>MFGPC, INC., a California corporation,<br><br>   Defendant Counterclaimant<br>   Third Party Plaintiff,<br>*and*<br><br>MRS. FIELDS FAMOUS BRANDS, LLC, a/k/a Famous Brands International;<br><br>   Third Party Defendant. | Case No. 2:15-cv-00094-JP<br><br>**MRS. FIELDS FRANCHISING, LLC'S and MRS. FIELDS FAMOUS BRANDS' RESPONSES AND OBJECTIONS TO MFGPC'S FIRST SET OF DISCOVERY REQUESTS**<br><br>Judge Jill N. Parish |

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Counterclaim Defendant Mrs. Fields Franchising, LLC and Third-Party Defendant Mrs. Fields Famous Brands LLC, a/k/a Famous Brands International (collectively, "Mrs. Fields"), by and through their counsel of record, Rod N. Andreason and Kirton McConkie, hereby respectfully submit the following objections and responses to MFGPC's First Set of Discovery Requests (the "Discovery Requests").

## GENERAL OBJECTIONS

1.      Mrs. Fields objects to each of the Discovery Requests to the extent that it is overly broad or unduly burdensome.

2.      Mrs. Fields objects to each of the Discovery Requests to the extent that it is duplicative of other discovery.

3.      Mrs. Fields objects to each of the Discovery Requests to the extent that it is overly broad as to time.

4.      Mrs. Fields objects to each of the Discovery Requests to the extent that it seeks information or documents that are not relevant to the claims and defenses in this action and/or calls for information or documents that are not reasonably calculated to lead to the disclosure of admissible evidence, and/or are otherwise beyond the scope of Federal Rule of Civil Procedure 26.

5.      Mrs. Fields objects to each of the Discovery Requests to the extent that it is vague, ambiguous, confusing, or misleading.  Reasonable assumptions may be made, where possible, as to the intended meanings.

6.      Mrs. Fields objects to each of the Discovery Requests to the extent that it purports to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure or contains definitions and instructions that are not in accord with or violate the Federal Rules of Civil Procedure or any other applicable law, including but not limited to those set forth in Federal Rule of Civil Procedure 34(a)(1)(A)

7.      Mrs. Fields objects to the Discovery Requests to the extent that they, after accounting for compound interrogatories and requests for production of documents, including discrete subparts, exceed the number of permissible discovery requests under Federal Rule of Civil Procedure Rules 26, 33, and/or 34.

8.      Mrs. Fields objects to each of the Discovery Requests to the extent that it is not limited as to time or is unspecific as to applicable time period.

9.      Mrs. Fields objects to each of the Discovery Requests to the extent that it requests information or documents that are publicly available and/or equally accessible to all parties.

10.     Mrs. Fields objects to each of the Discovery Requests to the extent that the benefits of the proposed discovery are outweighed by the burden and/or expense of compiling the information, documents, and/or things responsive to the Discovery Requests, rendering a response not to be proportional to the amount in controversy, the complexity of the case, the importance of the issues, and the elements that Mrs. Fields must prove to establish its claims and defenses.

11.     Mrs. Fields reserves the right to amend, modify or otherwise revise, correct, supplement or clarify any of these objections and/or responses to the Discovery Requests.

12.     Mrs. Fields objects to each of the Discovery Requests as premature and qualify the following responses by noting that discovery or investigation of the events and transactions underlying this litigation has not yet been completed.  Since Mrs. Fields' ongoing discovery may disclose the existence of additional responsive documents or information, Mrs. Fields' responses are without prejudice to its right to utilize, produce, or introduce at trial, or any other proceeding, information, or documentation which is inadvertently omitted, not yet known, or not yet ascertained, discovered, identified, or located by Mrs. Fields while responding to the Discovery Requests.  Without obligating it to do so, Mrs. Fields hereby reserves the right to supplement, amend, or modify its responses herein.

13.     Mrs. Fields objects to each of the Discovery Requests to the extent that Plaintiff is already in possession, custody, or control of the information sought by the Discovery Requests.

14.     MFGPC refers to popcorn products in a number of different and inconsistent ways, such as "Mrs. Fields branded prepackaged popcorn product," "Mrs. Fields branded popcorn," "prepackaged popcorn products," "popcorn products." As such, Mrs. Fields objects to the variety of inconsistently-applied terms throughout the Discovery Requests and answers these questions according to the definition of Royalty Bearing Product that is found in the Trademark License Agreement.

15.     Mrs. Fields will produce ESI in a load-file format with appropriate metadata and text files that can be uploaded to commonly used document review software.  Mrs. Fields objects to any instruction purporting to require production of ESI in a different format.

16.     Mrs. Fields will produce documents on a rolling basis, and confidential documents upon entry of a sufficient protective order.

17.     Nothing herein shall be construed as an admission by Mrs. Fields as to the relevance or admissibility at trial of any information or documents that Mrs. Fields produce or may produce. Mrs. Fields reserves all objections or other questions or challenges to the competency, relevance, materiality, privilege or admissibility of any information or documents produced in response to the Discovery Requests and of any evidence for trial or for any other purpose or use in this action, or any other action.

Without waiving these general objections, Mrs. Fields responds to the Discovery Requests as follows:

### ANSWERS, RESPONSES AND SPECIFIC OBJECTIONS
### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that MFGPC paid the Initial Fee to Mrs. Fields as required under Section 5(a) of the Trademark License Agreement in the amount of $100,000.

**RESPONSE:**          Admit.


**REQUEST FOR ADMISSION NO. 2:** Admit that MFGPC paid to Mrs. Fields all Guaranteed Royalties owed as required under Section 6(a) of the Trademark License Agreement in the amount of $350,000.

**RESPONSE:**          Admit that MFGPC paid Guaranteed Royalties in the amount of $350,000 but deny MFGPC's interpretation of the License Agreement.

**REQUEST FOR ADMISSION NO. 3:** Admit that Mrs. Fields has been, and still is, marketing Mrs. Fields branded prepackaged popcorn products that are not sourced through MFGPC.

**RESPONSE:**       Deny but Mrs. Fields states that it has a license agreement with Perfect Snax Prime, LLC for the sale and marketing of popcorn.

**REQUEST FOR ADMISSION NO. 4:** Admit that Mrs. Fields has licensed to third-parties other than MFGPC the right to use the Mrs. Fields Trademark for marketing and selling prepackaged popcorn products.

**RESPONSE:**       Admit.

**REQUEST FOR ADMISSION NO. 5:** Admit that Mrs. Fields has not enforced MFGPC's exclusive right to use the Mrs. Fields Trademark for marketing and selling prepackaged popcorn products.

**RESPONSE:**       Deny, as MFGPC has no exclusive rights and the License Agreement has been terminated for approximately four years.

**REQUEST FOR ADMISSION NO. 6:** Admit that MFCPC cannot acquire the right to use the Mrs. Fields Trademark from any entity other than you.

**RESPONSE:**       Admit.

**REQUEST FOR ADMISSION NO. 7:** Admit that you denied MFGPC's request to allow it to engage in online marketing and sales of MFGPC's products bearing the Mrs. Fields Trademark.

**RESPONSE:**        Mrs. Fields objects to this Request as it has no relevance to the issue of damages in this action.  Subject to this objection, Mrs. Fields states that it lacks knowledge or information concerning the subject of the request and on that basis denies.

**REQUEST FOR ADMISSION NO. 8:** Admit that you denied MFGPC's request to allow it to manufacture and sell kettle corn bearing the Mrs. Fields Trademark.

**RESPONSE:**        Mrs. Fields objects to this Request as it has no relevance to the issue of damages in this action.  Subject to this objection, Mrs. Fields states that it lacks knowledge or information concerning the subject of the request and on that basis denies.

**REQUEST FOR ADMISSION NO. 9:** Admit that you denied MFGPC's request to allow it to manufacture and sell Mrs. Fields branded popcorn in the healthy snacks category (as opposed to the indulgent snacking category).

**RESPONSE:**        Mrs. Fields objects to this Request as it has no relevance to the issue of damages in this action.  Subject to this objection, Mrs. Fields states that it lacks knowledge or information concerning the subject of the request and on that basis denies.

**REQUEST FOR ADMISSION NO. 10:** Admit that you denied MFGPC's request to include artificial ingredients, and yet have subsequently allowed other manufacturers/licensees to produce Mrs. Fields-branded popcorn with artificial ingredients.

**RESPONSE:**          Mrs. Fields objects to this Request as it has no relevance to the issue of damages in this action.  Subject to this objection, Mrs. Fields states that it lacks knowledge or information concerning the subject of the request and on that basis denies.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State all factual grounds supporting your answers to all Requests for Admission above, whether answered with an admission or a denial or otherwise.

**ANSWER:**          Mrs. Fields objects to this interrogatory as vague, improper, disproportionate, unduly burdensome, and compound, incorporating at least nine additional interrogatories within this interrogatory.  In addition, this interrogatory does not call for any specific facts.   Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows: See Mrs. Fields' responses to the Requests for Admission, *supra*.

**INTERROGATORY NO. 2:** Identify all entities that Mrs. Fields has licensed or allowed to use the Mrs. Fields Trademark on prepackaged popcorn products during the Time Period.

**ANSWER:**          Mrs. Fields objects to this interrogatory as seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case.   Subject to

these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:  MFGPC and Perfect Snax Prime, LLC.

**INTERROGATORY NO. 3:** Identify all entities and products using the Mrs. Fields Trademark on prepackaged popcorn products other than MFGPC.

**ANSWER:**          Mrs. Fields objects to this interrogatory as seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case.    Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:  Perfect Snax Prime, LLC.

**INTERROGATORY NO. 4:** Identify and describe all sales of prepackaged popcorn bearing the Mrs. Fields Trademark, whether by Mrs. Fields or its licensees, including a description of volume, product specification, manufacturer, seller, retail outlet/platform/internet, etc., geographic location, royalties earned/paid, profits, and costs.

**ANSWER:**          Mrs. Fields objects to this interrogatory as unduly burdensome and disproportional, containing no scope limitations, seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case, and seeking information that is chiefly or exclusively in the possession or control of MFGPC.    Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:  Mrs.

Fields will provide the royalty reports provided to it by Perfect Snax Prime, LLC upon the court's entry of a sufficient protective order in this action.

**INTERROGATORY NO. 5:** Identify all entities, including Mrs. Fields or affiliates of Mrs. Fields, that Mrs. Fields has licensed to manufacture or allowed to manufacture, or which has manufactured prepackaged popcorn products for sale using the Mrs. Fields Trademark during the Time Period.

**ANSWER:**          Mrs. Fields objects to this interrogatory as unduly burdensome and disproportional, containing no scope limitations, seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case, and seeking information that is chiefly or exclusively in the possession or control of MFGPC.    Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:  MFGPC, Mrs. Fields Confections LLC, Perfect Snax Prime, LLC.

**INTERROGATORY NO. 6:** Identify and describe with particularity all prepackaged popcorn products being manufactured, marketed, or sold using the Mrs. Fields Trademark, including descriptions or pictures of the packaging, ingredients, labels, product title, retail price, and retail destination.

**ANSWER:**          Mrs. Fields objects to this interrogatory as unduly burdensome and disproportional, containing no scope limitations, and seeking information that is not relevant to any party's claim or defense or proportional to the needs of the case.   Subject to these specific

objections and the General Objections set forth above, Mrs. Fields responds as follows:  Perfect

Snax Prime, LLC sells Cookie Pop popcorn products in Chocolate Chip and Cookies & Cream

flavors bearing the Mrs. Fields mark.  Mrs. Fields will provide the royalty reports provided to it

by Perfect Snax Prime, LLC upon the court's entry of a sufficient protective order in this action.


**INTERROGATORY NO. 7:** Identify all Mrs. Fields personnel, employees, or outside

consultants or other professionals who have responsibility for or management authority relating to

Mrs. Fields' prepackaged popcorn business.

**ANSWER:**        Mrs. Fields objects to this interrogatory as vague, ambiguous, overbroad,

unduly burdensome, and disproportional, seeking information that is not relevant to any party's

claim or defense or proportional to the needs of the case.   Subject to these specific objections

and the General Objections set forth above, Mrs. Fields responds as follows:  Mrs. Fields

identifies Betsy Schmandt, Director, Franchise Marketing and Licensing as the person responsible

for overseeing the license agreement with Perfect Snax Prime, LLC.


**INTERROGATORY NO. 8:** Identify all complaints, costs, failures, or other events or evidence

supporting that MFGPC breached the Trademark License Agreement, failed to maximize its use of

the Mrs. Fields Trademark, or caused damage to the Mrs. Fields Trademark.

**ANSWER:**        Mrs. Fields objects to Interrogatory No. 8 as overbroad and unduly

burdensome on its face, and not reasonably calculated to lead to the production of information,

documents, or materials which are relevant to the claims in this proceeding.  Further, this request

11

is not proportional to the needs of the case because the information requested is not important in determining damages in the present action.  Finally, the interrogatory is impermissibly compound.

**INTERROGATORY NO. 9:** Describe Mrs. Fields' expectations, goals, projections, and benchmarks for its popcorn category, including both sales and royalties.

**ANSWER:** Mrs. Fields objects to the terms used in this Interrogatory as they are subject to more than one meaning.  However, Mrs. Fields states that it has a license agreement with Perfect Snax Prime LLC for the sale of popcorn products which sets forth certain minimum royalties and sales.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents that you referred to in answering the above Interrogatories and Requests for Admission, including all documents in their entirety that contain a part or all of each such answer, and all documents that you identified in the answer.

**RESPONSE:** Mrs. Fields objects to this request on the grounds that it seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case.   Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:   Mrs. Fields will produce non-privileged, responsive documents that are identified in its above responses to Discover Requests.  Mrs. Fields will not produce documents protected by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents and communications containing any reference to MFGPC, Chris Lindley, President of MFGPC, or any MFGPC employees or agents.

**RESPONSE:**          Mrs. Fields objects to this request on the grounds that it seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case.   Documents that merely reference MFGPC or Chris Lindley, without reference to any fact relating to damages, necessarily encompass documents unrelated to the matters remaining to be tried in this case.   Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:   Mrs. Fields will produce non-privileged, responsive documents to the Request that are related to damages.   Mrs. Fields will not produce documents protected by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents containing analyses, data, plans, or information related to your prepackaged popcorn product category.

**RESPONSE:**          Mrs. Fields objects to this request on the grounds that it seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case.   Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:  Mrs. Fields will

produce non-privileged, responsive documents to the Request related to damages.  Mrs. Fields will not produce documents protected by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents related to any license to, by, or with you to sell prepackaged popcorn products bearing the Mrs. Fields Trademark.

**RESPONSE:**          Mrs. Fields objects to this request on the grounds that it seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case.   Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:  Mrs. Fields will produce non-privileged, responsive documents to the Request related to Mrs. Fields' license with Perfect Snax Prime which relate to damages in this action.   Mrs. Fields will not produce documents protected by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 5:** Produce all valuations, reports, analyses, research, appraisals, opinions, etc., of the Mrs. Fields Trademark and any related intellectual property, whether created by Mrs. Fields or others, including all documents forming the basis for those valuations.

**RESPONSE:**          Mrs. Fields objects to this request on the grounds that it seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case.   This request seeks an extremely broad category of documents unrelated to MFGPC or the sale of popcorn products.  Subject to these

specific objections and the General Objections set forth above, Mrs. Fields responds as follows: Mrs. Fields will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents comprising or constituting valuations and accountings of Mrs. Fields' prepackaged popcorn business, including documents sufficient to provide MFGPC with a full accounting of Mrs. Fields' profits, revenues, and expenses (including sales, royalties, or otherwise), forming the basis for the foregoing.

**RESPONSE:** Mrs. Fields objects to this request on the grounds that it is overbroad, unduly burdensome on its face, and seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case. This request seeks an extremely broad category of documents unrelated to MFGPC or the sale of popcorn products. Mrs. Fields also objects to the Request's use of the term "full accounting." Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows: Mrs. Fields will produce non-privileged, responsive documents reasonably related to the profits obtained for the sale of Mrs. Fields' prepackaged popcorn. Mrs. Fields will not produce documents protected by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents and communications related to potential licenses for the use of the Mrs. Fields Trademark for the sale or marketing of popcorn

products, including solicitations and offers to third-parties whether or not those solicitations or offers did not result, or have not yet resulted, in Mrs. Fields granting a license.

**RESPONSE:**          Mrs. Fields objects to this request on the grounds that it is overbroad, unduly burdensome on its face, and seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case to the extent that it is not limited to documents and communications related to damages. Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:  Mrs. Fields will produce non-privileged, responsive documents that are related to damages.  Mrs. Fields will not produce documents protected by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents and communications related to or reflecting the decision by Mrs. Fields to terminate or attempt to terminate MFGPC's license.

**RESPONSE:**          Mrs. Fields objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case. Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:   Mrs. Fields will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents and communications expressing disapproval or dissatisfaction with MFGPC or Chris Lindley by any person, including you or in any consumer or retailer complaints, and any costs to Mrs. Fields incurred thereby.

**RESPONSE:**       Mrs. Fields objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case. Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:   Mrs. Fields will produce non-privileged, responsive documents related to the issue of damages.  Mrs. Fields will not produce documents protected by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 10:** Produce all board meeting minutes, materials, presentations, and other documents referencing Lindley, MFGPC, the Trademark License Agreement, the termination of the Trademark License Agreement, MFGPC's plans for the popcorn category both pre- and post-termination.

**RESPONSE:**       Mrs. Fields objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents protected by the attorney-client privilege or work product doctrine, not relevant to any party's claim or defense, or proportional to the needs of the case. Mrs. Fields further objects insofar as the request seeks documents which reference certain items (such as, Lindley, MFGPC, etc.) without reference to any fact related to damages in this action.

Subject to these specific objections and the General Objections set forth above, Mrs. Fields responds as follows:   Mrs. Fields will produce non-privileged, responsive documents that are related to damages.   Mrs. Fields will not produce documents protected by the attorney-client privilege or work product doctrine.

DATED this 4th day of December, 2018.

As to the objections:

KIRTON & McCONKIE

  /s/  Rod N. Andreason
Rod N. Andreason

*Attorney for Plaintiff Mrs. Fields Franchising, LLC and Third-Party Defendant Mrs. Fields Famous Brands LLC*

Of Counsel:
Avery Samet, Esq. (*Admitted Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2018, a true and correct copy of the foregoing **MRS. FIELDS FRANCHISING, LLC'S AND MRS. FIELDS FAMOUS BRANDS' RESPONSES AND OBJECTIONS TO MFGPC'S FIRST SET OF DISCOVERY REQUESTS** was served on the following in the manner indicated below:

Brian M. Rothschild                          [  ] U.S. Mail, Postage Prepaid
**Parsons Behle & Latimer**                  [  ] Hand Delivered
201 South Main Street, Suite 1800            [  ] Overnight Mail
Salt Lake City, UT 8411                      [  ] Facsimile
brothschild@parsonsbehle.com                 [ X] E-mail/ECF


                                   /s/   Rod N. Andreason
                                   Rod Andreason


4838-9541-2354, v. 1

# EXHIBIT C

### EMAIL CORRESPONDENCE SINCE ENTRY OF DISCOVERY ORDER

## Brian M. Rothschild

| | |
|---|---|
| **From:** | Brian M. Rothschild |
| **Sent:** | Tuesday, May 26, 2020 4:31 PM |
| **To:** | Rod N. Andreason |
| **Cc:** | Avery Samet |
| **Subject:** | RE: Popcorn discovery |

Rod:

Answering discovery requests and responding to a discovery dispute are not the same processes.  Again, I have cited the rules that require you to provide responses, verified under oath, for use in trial and depositions, which your responses on the discovery chart and the Excel sheet did not.  I assume that you now understand the difference given your agreement to provide amended responses to the discovery requests.  I look forward to seeing them.

I did not ask you to provide updated discovery requests for the first time on Thursday.  I asked you to provide updated responses to the discovery requests on February 11, 2020, and again on February 18, 2020, and again on February 23, 2020, and again on March 3, 2020, and again on March 6, 2020, and again on March 9, 2020, and again on April 3, 2020, and again on April 14, 2020, and again on April 27, 2020, and again on May 7, 2020, and again on May 13, 2020.  I therefore disagree with your characterization that my request was made with "contrived urgency," in bad faith, or that I have not had the patience of Job.  Your failure to produce updated discovery responses even up to and including today, on the other hand, is not helping to move this matter forward.

The spreadsheet you attached has sales data from Mrs. Fields confections and Sir Walter Candy Corporation.  This is all of the sales of Mrs. Fields' branded popcorn during the three years remaining on the license from all sources, including stores, worldwide?  And your client will sign a verification to that effect?  It does not contain any sales data or royalty reporting data from Cookie Pop.  Are we to expect that compilation later or elsewhere?

Sincerely,

Brian

---

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Tuesday, May 26, 2020 3:33 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Brian,

Working with you is a unique experience.  You asked us to provide our positions in response to your discovery requests by inputting them into a chart that you had provided – which we did.  Months later, you ask for those positions again, and then, when we point out that we already provided them to you in the form you requested, you insist that we provide additional items that you hadn't previously requested over a holiday weekend, due on Memorial Day itself, or else you will file a discovery motion.  In making that demand, the only item that you name specifically as missing is in our response to Interrogatory No.4 regarding sales of popcorn products; however, we already provided that information to you in a spreadsheet with an accompanying explanation, months ago, back on March 13.  See Avery's email, sent on that date.

We agree that our supplemental responses are better when provided in a formal document instead of the form you originally requested; we are doing that.  We agree that you are entitled to a signed verification by our clients; we are getting that – although since the depositions of our clients are not even scheduled, the over-the-holiday-weekend urgency seems contrived at best, and potentially in bad faith.  I note again that Avery Samet, Mrs. Fields' primary counsel in this case, is operating from New York out of his apartment, making some of our responses significantly slower, including identifying documents by bates number.  Nevertheless, we are pushing forward sending you formal supplemental responses to discovery requests – with a formal client verification.


Sincerely, Rod Andreason

**KIRTON | MᶜCONKIE**
**Rod N. Andreason**
Attorney
o  801-328-3600
d  801-321-4853

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Thursday, May 21, 2020 4:18 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery
**Importance:** High


Rod:

I know precisely what you have produced.  You have not provided answers to the Interrogatories in accordance with FRCP 33.  Specifically, with respect to interrogatories:

(b) ANSWERS AND OBJECTIONS.

    (1) *Responding Party*. The interrogatories must be answered:

        (A) by the party to whom they are directed; or

        (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

    (2) *Time to Respond*. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

    (3) *Answering Each Interrogatory*. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

    (4) *Objections*. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

    (5) *Signature*. The person who makes the answers must sign them, and the attorney who objects must sign any objections.

(c) USE. An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence.


We are going to trial.  I am also conducting depositions.  I do not have a written interrogatory response signed under oath by the answering party upon which I can question and cross-examine witnesses or which I can submit to my expert to rely on in making damages calculations.

Going back to my example of ROG 4, which states as follows:

Identify and describe all sales of prepackaged popcorn bearing the Mrs. Fields Trademark, whether by Mrs. Fields or its licensees, including a description of volume, product specification, manufacturer, seller, retail outlet/platform/internet, etc., geographic location, royalties earned/paid, profits, and costs.

The Word document you sent me was a discovery dispute chart, attached, is not a full and separate response, under oath, signed by the party and attorney response to this interrogatory.

**Mrs. Fields' Position: The Court's order dated February 4, 2020 limited discovery in this case to (1) Mrs. Fields' prepackaged popcorn products, (2) from December 2014 until April 2018, (3) excluding future valuations, plans, and initiatives for Mrs. Fields' prepackaged popcorn products beyond that time period, and (4) focused on (a) the value of the License Agreement, (b) license agreements that Mrs. Fields entered into with third parties from December 2014 until April 2018, and (c) Mrs. Fields' own sales of its prepackaged popcorn products during that same time period.  In conformance with the court's order, Mrs. Fields supplements its original response by stating:  Mrs. Fields continues to object to this request on the grounds of irrelevance and disproportionality.  Subject to these specific objections and the General Objections previously provided, Mrs. Fields responds as follows: Mrs. Fields has produced all royalty reports provided to it by Perfect Snax Prime, LLC and Mrs. Fields Confections, LLC during the time period established by the court, detailing the sales of prepackaged popcorn products during the time scope of discovery.**

This response does not fully answer the questions.  It does not answer the questions at all.  33(d) doesn't help you: you haven't specified where among the mountains of irrelevant spreadsheets, which appear to have been produced in randomized order rather than as kept in the ordinary course of business, you have produced that I could find this information.  Mrs. Fields knows this information and can answer the question more easily than wasting thousands of hours of client and expert time sorting through spreadsheets showing how many toffee bars, cookies, cakes, and pretzels you have sold, none of which is even close to relevant.

Until you have complied with Rule 33, you have not responded.

Please indicate when you will comply.  I should not have to police your behavior and constantly have to hound you to comply with basic responsibilities.  Both you and Mr. Samet are experienced litigators, so I can only surmise that your conduct in which you do not pay even slight attention to the Rules, Court's orders, or your responsibilities under FRCP 1 to facilitate a speedy and efficient resolution of these proceedings is intentional.  Please get this done or we are going to waste additional time and client resources in front of the Court on the matter.

Produce them by Monday or I'm filing a Motion.

Sincerely,

Brian

---

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Thursday, May 21, 2020 3:26 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Brian,

We provided responses to your "meet and confer" items regarding MFGPC's written discovery requests in the form that you requested – insertions of Mrs. Fields' positions as to each discovery request into the chart you prepared and sent to

us.  See my attached email on this subject, dated nearly three months ago.  Perhaps it had been so long since we provided those that you had forgotten about them.

Sincerely, Rod

**KIRTON | McCONKIE**
**Rod N. Andreason**
Attorney
o  801-328-3600
d  801-321-4853

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Tuesday, May 19, 2020 11:02 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Avery and Rod:

I received the document production today.  Does Mrs. Fields intend to produce updated responses to the interrogatories and RFAs per my email below?

Thank you,

Brian

**From:** Brian M. Rothschild
**Sent:** Wednesday, May 13, 2020 7:41 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery
**Importance:** High

Rod and Avery:

I still have not received the promised document production.  Perhaps more importantly, I have not received the updated answers to the interrogatories or RFAs.  These do not need to be submitted to a production company to be produced to me.

For example, ROG 4 states:

Identify and describe all sales of prepackaged popcorn bearing the Mrs. Fields Trademark, whether by Mrs. Fields or its licensees, including a description of volume, product specification, manufacturer, seller, retail outlet/platform/internet, etc., geographic location, royalties earned/paid, profits, and costs.

This seems simple.  We fought about whether Mrs. Fields had to answer this and for what time period.  You argued that the only thing that was relevant was MFGPC's previous performance.   We argued that how much popcorn Mrs. Fields sold and what it earned during the remaining period on the license was relevant and needed to be produced.  The Court ruled against you:

Having reviewed the parties' arguments and the Tenth Circuit's decision, the court concludes that the scope of remaining discovery in this case should be limited, but not to the extent that Mrs. Fields desires. Before explaining those limitations, the court first notes that while the Tenth Circuit opined that MFGPC's own sales data could serve "as a reasonable measure of MFGPC's damages," the Tenth Circuit did not conclude that MFGPC's own sales data was the only reasonable measure of damages or the only information relevant to MFGPC's damages. Id. at 1236. Thus, although MFGPC's own sales data is highly relevant and perhaps the best measure of MFGPC's damages, MFGPC is entitled to discover other information that may also be highly relevant to its damages.  Nevertheless, that information and the scope of discovery regarding MFGPC's damages must be limited in the following ways. First, discovery is limited to the prepackaged popcorn sector of Mrs. Fields' business. Second, as the Tenth Circuit noted, the actual calculation of damages is limited to the remainder of the third five-year term, i.e., from December 2014—when Mrs. Fields breached the License Agreement—to April 2018—when the third five-year term ended.

It has been three and a half months since the Court entered this Order, and one and a half years since MFGPC sent over this simple discovery request and the others we have propounded, and we still have no answer.

This is my last attempt to meet and confer on this issue.  Please provide the responses within 10 days or I will file my motions to compel and for sanctions.

Sincerely,

Brian

---

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Tuesday, May 12, 2020 1:09 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Brian,

Avery's office has submitted the produced documents to the discovery vendor; have you received those yet?  They should have been provided to you by now.

As for the depositions, we will not agree to have them taken in person until it is safe to do so.  Any noticing of an in-person deposition before it is safe do so will result in our filing formal, written objections in lieu of appearing at the deposition.  Our designee, current CEO Steve Goldstein, is currently available the week of June 8.  We can check on dates in July as well, if you prefer.

Chris Lindley may call Steve Goldstein to discuss settlement, per your prior request.  Steve Goldstein is the current CEO of Mrs. Fields.  Mr. Lindley can reach him at 858-699-7769 to have a client to client settlement call.

Thanks, Rod

**KIRTON | McCONKIE**
**Rod N. Andreason**
Attorney
o  801-328-3600
d  801-321-4853

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Thursday, May 7, 2020 10:50 AM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Avery and Rod:

I am still waiting and have received nothing in the way of the promised document production.  I do not agree to conduct the depositions of Mrs. Fields via remote technology.  We have sufficient time that the restrictions will likely be lifted in time to allow them to be done in person.  Thus we will be pushing our 30(b)(6) deposition to June as well, and will do them in person.  If that is not possible, we will push them to July to do so.  Please identify dates for your designee(s).

Sincerely,

Brian

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Friday, May 1, 2020 2:09 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Brian,

I have been in contact with Avery, who has had much greater Covid challenges in New York than you and I here, including a loss of electricity in his home – the only place he can work at this time.  Avery reports that the document production will be finished and submitted to the production vendor by Monday, with the expectation that the vendor will have it to you within a couple days of that submission.  In addition, he has identified witnesses for the depositions you have noticed and should have proposed dates for you by one from today – understanding that those depositions will need to be done by remote technology.  We will also be asking you for witness dates for a Rule 30(b)(6) deposition of MFGPC, likely in June.

Avery is working to set up a call between principals of our clients as well, albeit after the above items have been arranged.

Please let us know if you have any questions about these items.

Thanks, Rod

**KIRTON | McCONKIE**
**Rod N. Andreason**
Attorney

o  801-328-3600
d  801-321-4853

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Monday, April 27, 2020 3:48 PM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Avery and Rod:

Attached please find Confidentiality Agreements relating to the MFGPC case for two additional experts hired by MFGPC on damages and other issues, for your review in accordance with the Standard Protective Order in this case.

We have still received no response to the questions, below, and no updated discovery responses from you, and no date to reschedule the previously noticed deposition.  Please respond on these issues.

Sincerely,

Brian

---

**From:** Brian M. Rothschild
**Sent:** Tuesday, April 14, 2020 11:20 AM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Avery and Rod:

Thank you for stipulating to the extension of discovery deadlines.  We still have three outstanding items, below, which we need addressed before time runs short again:  (1) the long-promised supplemental production of documents; (2) the inquiry regarding getting the two clients on the phone without attorneys to discuss; and (3) the rescheduling of the 30(b)(6) deposition of the Mrs. Fields counterclaim defendants.

Thank you,

Brian

---

**From:** Brian M. Rothschild
**Sent:** Friday, April 3, 2020 1:29 PM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery
**Importance:** High

Avery and Rob:

Please respond to the emails below.  Nothing about this crisis should prevent one of the two of you from being responsive to email.  Are the long promised documents coming?  When??  Will you stipulate to an extension of discovery deadlines?  Will you client have a phone negotiation sans attorneys with my client?  Please respond.

Thank you,

Brian

---

**From:** Brian M. Rothschild
**Sent:** Monday, March 30, 2020 12:51 PM

**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Following up on this.  Thanks.



**Brian M. Rothschild • Attorney at Law • Admitted in California, Idaho, and Utah**
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main +1 801.532.1234 • Direct +1 801.536.6762 • Fax +1 801.536.6111

parsonsbehle.com • BRothschild@parsonsbehle.com • vCard

---

**From:** Brian M. Rothschild
**Sent:** Friday, March 27, 2020 12:47 PM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Avery:

I understand these are pressing times.  Given that we still have not received anything from you, I am going to have to ask for a 2-month discovery deadline extension.  Will you agree to the extension of all applicable dates?

Brian

---

**From:** Brian M. Rothschild
**Sent:** Friday, March 20, 2020 2:56 PM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Likewise, I hope you are safe.  Yes, it has been crazy.

I think a telephone meeting between our two clients with no lawyers on the phone is the best we can hope for.

Brian

---

**From:** Avery Samet <asamet@aminillc.com>
**Sent:** Friday, March 20, 2020 2:54 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** Re: Popcorn discovery

Brian —

First, apologies to you, events have somewhat overtaken me this week.

Second, I do owe you a phone call on settlement issues and I sincerely hope to do that on Monday.  In my own mind, I've been trying to get everything organized on my end before connecting with you, but every day there's a new challenge.

Third, I intend to make my production to you on Tuesday.  My team is working from home from three different states and finalizing the review over the internet.  Because we no longer have an office, we're going to use a vendor to make the production and I am advised that they need a 24 hour turnaround time.  If we send to them on Monday, then we should be able to you on Tuesday.

Fourth, I agree that we need to extend the discovery schedule.  But at this point, I just don't know what's going to happen and any extension is going to be based on estimates.

Anyway, hope you are safe,

Regards,

Avery


Avery Samet

AMINI
212.490.4700
212.497.8239

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Friday, March 13, 2020 6:57 PM
**To:** Avery Samet
**Cc:** Rod N. Andreason
**Subject:** RE: Popcorn discovery

Do you want to call me and chat about what you mean in paragraph 1?

I understand and am sympathetic with the delay given world events.  I am however struggling with the issue of what to do about discovery deadlines.  If you get me something by the end of next week, we will be fine.  If not, I will be coming to you requesting a stipulation to extension of discovery deadlines.

Brian



**Brian M. Rothschild • Attorney at Law • Admitted in California, Idaho, and Utah**
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main 801.532.1234 • Direct 801.536.6762 • Fax 801.536.6111

parsonsbehle.com • BRothschild@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible

to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at 801.532.1234, and delete this original message.

**From:** Avery Samet <asamet@aminillc.com>
**Sent:** Friday, March 13, 2020 4:47 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** Popcorn discovery

Brian --

Wanted to update you as promised.

First, with respect to your settlement overture.  I reached my client.  Given what's going on in the world, I don't see any in-person conference happening in the near term.  That said, I'd like to see if you and I can explore ways to reach resolution notwithstanding that.

Second, with regards to the sales information requested in the interrogatories.  We have compiled the attached chart for you detailing Mrs. Fields' prepackaged popcorn sales and purchases within the specified time period.  My understanding is that these sales/ purchases replaced the roughly $70,000 of popcorn sold by MFGPC to Mrs. Fields a year.  The chart does not list the PSP sales for the period which are on the royalty report which you already have.

Third, with respect to document production we are still readying a supplemental production for you.  Just slower going with everyone working from home.  Unfortunately, my paralegal on the case has come down sick and so had to stop working today.  Working on pushing these out to you as soon as possible.  I don't want to hit pause, but events are what they are.

Regards,

Avery

Avery Samet

AMINI
212.490.4700
212.497.8239

## Brian M. Rothschild

| | |
|---|---|
| **From:** | Brian M. Rothschild |
| **Sent:** | Tuesday, March 10, 2020 7:37 AM |
| **To:** | Avery Samet |
| **Cc:** | Rod N. Andreason |
| **Subject:** | Re: Your message |

Purim and Purell, my friend. Thanks for the response under the circumstances.

Get Outlook for Android

---

**From:** Avery Samet <asamet@aminillc.com>
**Sent:** Tuesday, March 10, 2020 7:10:35 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** Re: Your message

I'm sorry Brian, there's a small amount of chaos going on around her.  My family has now been quarantined through March 16 and we have advised the rest of the firm to work from home.

Still, in terms of the discovery, my team is still working and I am still aiming to complete our production by the end of this week, maybe Monday.   It should not be a ton of documents.  I would just to just like to confirm, so we don't have to do this twice.

In terms of the client meeting, I followed up yesterday and am advised that I should have answer by tomorrow.

Other than today (Purim), I am checking emails, available by phone and doing my best to continue working.  Everyone is healthy and I intend to keep this case moving.  I will try to give you an update where we are on Thursday.

Regards,

Avery Samet

AMINI
212.490.4700
212.497.8239

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Monday, March 9, 2020 6:42 PM
**To:** Avery Samet
**Subject:** Re: Your message

Avery:

I am getting very close to the deadline by which I will have to move to compel. Please let me know as soon as possible on both issues, below. Thank you.

Get Outlook for Android

**From:** Brian M. Rothschild
**Sent:** Friday, March 6, 2020 10:28:39 AM
**To:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Your message

Avery:

Any word from your client about timing on documents and discovery responses, and the client-on-client meeting?

Thanks,

Brian

---

**From:** Brian M. Rothschild
**Sent:** Wednesday, March 4, 2020 8:10 AM
**To:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Your message

Oh no, that is terrible!

Get Outlook for Android

---

**From:** Avery Samet <asamet@aminillc.com>
**Sent:** Wednesday, March 4, 2020 7:58:14 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Subject:** Re: Your message

I will get back to you today.

(Among other things, my daughter is now under quarantine related to coronavirus!)

Avery Samet

AMINI
212.490.4700
212.497.8239

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Tuesday, March 3, 2020 9:41:56 AM
**To:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Your message

OK. We still have received no supplemental production from Mrs. Fields following the court ruling despite being promised that documents would be produced by Thursday of last week. Also, Mrs. Fields has not produced a verified answer to the discovery requests following the Court's ruling. I am calling to complete the meet and confer and confirm whether you intend to comply with your discovery obligations. If you think a further conversation is unnecessary, you may respond by email.

Also, my client has a proposal we can talk about. I'd prefer to do it by phone.

Sincerely,

Brian

Get [Outlook for Android](#)



**Brian M. Rothschild • Attorney at Law • Admitted in California, Idaho, and Utah**
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main 801.532.1234 • Direct 801.536.6762 • Fax 801.536.6111

[parsonsbehle.com](#) • [BRothschild@parsonsbehle.com](#) • [vCard](#)

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at 801.532.1234, and delete this original message.

**From:** Avery Samet <[asamet@aminillc.com](#)>
**Sent:** Tuesday, March 3, 2020 6:50:29 AM
**To:** Brian M. Rothschild <[BRothschild@parsonsbehle.com](#)>
**Subject:** Your message

Brian - got your message, I'm in Court all day today.  Hopefully, will call you back tomorrow am.

Regards,

Avery

AMINI LLC
212.490.4700 - OFFICE
212.497.8239 - DIRECT
212.490.4208 - FAX

ASAMET@AMINILLC - EMAIL

[www.aminillc.com](#)

3

**Brian M. Rothschild**

| | |
|---|---|
| **From:** | Brian M. Rothschild |
| **Sent:** | Tuesday, February 18, 2020 9:10 AM |
| **To:** | Rod N. Andreason |
| **Cc:** | Avery Samet |
| **Subject:** | Re: MFGPC - Discovery Request Chart for Mrs. Fields |

In response I will only say that it is your responsibility to produce all of the documents responsive to the previously served production, not my responsibility to again go through your production and tell you what you have not produced.  This has been your responsibility for more than a year.  The way this should have worked is that you should have produced all of the documents the first time. You have yet to seek any kind of protective order and so you are fortunate that you have any limitations on the discovery sought.

Thank you. I look forward to seeing your production.

Brian

---

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Tuesday, February 18, 2020 7:50:55 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** RE: MFGPC - Discovery Request Chart for Mrs. Fields

Brian,

Judge Kimball's order placed much more than "time restrictions" on the scope of discovery in this case.  Perhaps you should read pages 6-7 of his order.  Your chart does not reflect any of the limitations in that order, even the "time restrictions."  It is unfortunate that you won't revise what you are requesting to comply with the court's order.

Nevertheless, despite that, we will respond to your chart, pointing out the court's ordered limits as part of our responses.  Now that Avery is back in the office, he and his assistants will also help confirm the completeness of what we have provided within those limits and whether there is anything more to produce.  We expect to provide that to you by this Thursday.

Sincerely, Rod

**KIRTON McCONKIE**
**Rod N. Andreason**
Attorney

o  801-328-3600
d  801-321-4853

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Wednesday, February 12, 2020 11:29 AM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** RE: MFGPC - Discovery Request Chart for Mrs. Fields

I revised the chart when I sent it to you in December.  Now the only thing that is different is the time restrictions placed on it by Judge Kimball.  Please read what I sent you.

Brian

---

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Wednesday, February 12, 2020 11:19 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** RE: MFGPC - Discovery Request Chart for Mrs. Fields

Brian,

Avery has the chief information regarding what we have produced in this case.  He will convey that to me, but he is out on vacation this week.  I will work to speak with him next week.

In the meantime, the chart you attached to your email below pertained to this case as it stood in 2018, long before the decision of the Tenth Circuit on appeal and the further scope ruling that Judge Kimball just issued.  Accordingly, so that we may evaluate what you are actually requesting, please either revise your chart to reflect the results of that history and those two rulings or otherwise state what you are seeking that is within what the court has ordered but that you believe you have not received.  That appears to be the only way that we can understand what you want that is still relevant, let alone have an effective "meet and confer" discussion on this subject.

Sincerely, Rod

**KIRTON | McCONKIE**
**Rod N. Andreason**
Attorney

o  801-328-3600
d  801-321-4853

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Tuesday, February 11, 2020 5:49 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** RE: MFGPC - Discovery Request Chart for Mrs. Fields

Rod and Avery:

I sent this meet and confer request to you on January 2, 2020, and we still have not heard from you whether you will produce the documents responsive to our prior discovery request.  Given the Court's ruling, do you intend to produce the documents responsive to our discovery requests, or will I need to file a Statement of Discovery Issues?  Of course, they may be cabined somewhat by the time and subject matter limitations placed on us by the Court in its scheduling order.  Please respond by Friday, February 14, 2020 so we know how to proceed.  I would much rather cooperate with you to keep costs down than to have to fight a lengthy discovery battle for what the Court has clearly demarcated as within bounds of discovery in this case.

Sincerely,

Brian

**From:** Brian M. Rothschild
**Sent:** Thursday, January 2, 2020 7:33 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** MFGPC - Discovery Request Chart for Mrs. Fields

Rod:

As discussed during our meet and confer on discovery, attached please find a chart of the discovery requests related to damages that Mrs. Fields has not responded to.  I would like to see something back from you within 14 days (at least an indication whether Mrs. Fields will make efforts to produce the documents and respond to the discovery requests if not able to provide the responses by then) to avoid a statement of discovery issues.

Also as discussed, please provide me with some potential dates for the Mrs. Fields' entities 30(b)(6) deposition.  I would need them to be at least 40 days out to allow for the supplemental discovery production or, if you intend to litigate that, 60 days out.

Sincerely,

Brian



**Brian M. Rothschild • Attorney at Law • Admitted in California, Idaho, and Utah**
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main 801.532.1234 • Direct 801.536.6762 • Fax 801.536.6111

parsonsbehle.com • BRothschild@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at 801.532.1234, and delete this original message.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2020, I served a true and correct copy of the foregoing **MFGPC'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS (SHORT FORM – LOCAL RULE DUCIVR. 37-1(A)(3), ET SEQ.)** by filing a true and correct copy with the Court's ECF filing system, which sent a copy to each of the following:

Co-Counsel for Mrs. Fields Franchising, LLC and Mrs. Fields Famous Brands, LLC
Avery Samet
STORCH AMINI PC
2 GRAND CENTRAL TOWER
140 EAST 45TH STREET, 25TH FLOOR
NEW YORK, NY 10017
asamet@storchamini.com

Co-Counsel for Mrs. Fields Franchising, LLC and Mrs. Fields Famous Brands, LLC
Rod N. Andreason
Kirton McConkie
50 E. South Temple #400
Salt Lake City, UT 84111
randreason@kmclaw.com

PARSONS BEHLE & LATIMER

/s/ Brian M. Rothschild
Brian M. Rothschild
*Attorneys for MFGPC, Inc.*