IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>v.<br><br>MFGPC, INC., a California corporation,,<br><br>    Defendant and<br>    Counterclaimant. | MEMORANDUM DECISION AND ORDER DENYING IN PART MOTION TO COMPEL<br><br>Case No. 2:15-cv-00094-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant and Counterclaimant's MFGPC, Inc.'s Motion to Compel. (ECF No. 253.) "MFGPC seeks an order compelling Fields to produce updated verified responses to its discovery requests in accordance with this Court's Memorandum Decision and Order dated February 4, 2020." *Id.* p. 2. The court has carefully reviewed the parties' pleadings and the history of this case. After doing so, the court determines that it will decide the motion on the basis of the written memoranda. DUCivR 7-1(f). As set forth below the court DENIES the motion, but will grant costs in bringing it.

BACKGROUND

This case centers on a dispute regarding a Trademark License Agreement between Mrs. Fields Franchising, LLC and MFGPC, Inc. As set forth by the court in a recent decision regarding the scope of remaining discovery, (ECF No. 250) (February discovery order), the parties entered into a License Agreement in April 2003 for an initial term of 60 months. Eventually the agreement was not renewed or terminated and disputes over the agreement arose. The case has been ongoing since 2015 and has underwent two appeals to the Tenth Circuit and

numerous other disputes. In February of this year, the court entered an order defining the scope

of remaining discovery following the second appeal and subsequent remand from the Tenth

Circuit. The court noted that the scope of remaining discovery is not as limited as Mrs. Fields

desires, but it is also not as broad as MFGPC believes is appropriate. The court determined:

> First, discovery is limited to the prepackaged popcorn sector of Mrs. Fields'
> business. Second, as the Tenth Circuit noted, the actual calculation of damages is
> limited to the remainder of the third five-year term, i.e., from December 2014—
> when Mrs. Fields breached the License Agreement—to April 2018—when the
> third five-year term ended. Third, given that Mrs. Fields would have prevented
> the License Agreement from renewing, the court concludes that information
> regarding Mrs. Fields' future valuations, plans, and initiatives for its prepackaged
> popcorn business beyond the third term are irrelevant and outside the proper
> scope of discovery in this case. Accordingly, MFGPC is precluded from seeking
> discovery on such information. Lastly, in addition to MFGPC's own profit and
> loss information, the court finds that the remaining discovery in this case should
> be focused on information regarding (1) the value of the License Agreement; (2)
> license agreements that Mrs. Fields entered into with third parties that violated
> MFGPC's exclusive rights under the License Agreement during the third five-
> year term; and (3) Mrs. Fields' own sales of its prepackaged popcorn products
> that violated MFGPC's exclusive rights under the License Agreement during the
> third term.

February discovery order p. 6-7, ECF No. 250.

## DISCUSSION

MFGPC argues Mrs. Fields "has never provided updated verified responses to discovery

requests in accordance with Fed. R. Civ. P. 33(b) despite more than 12 emails and discovery

teleconferences politely requesting and then demanding updated verified responses." Mtn p. 2,

ECF No. 253. MFGPC contends it cannot proceed with its depositions of [Mrs.] Fields'

witnesses until Fields provides verified, complete, and updated discovery responses." *Id.* As a

final matter, MFGPC requests an award of fees based upon Mrs. Fields' consistent behavior

throughout this case: "stonewall, delay, and obfuscate in an attempt to drive up MFGPC's costs

and bleed out its small-business opponent." *Id.*

In response, Mrs. Fields asserts it has provided "supplemental interrogatory information" based upon the February discovery order and on March 13, 2020, Mrs. Fields provided a "detailed spreadsheet of its own prepackaged popcorn sales …." Op. p. 2, ECF No. 254. Mrs. Fields has also provided a sales report regarding Mrs. Fields' branded prepackaged popcorn for the discovery timeframe of December 2014 to April 2018. And, as a final fact, provided a supplemental verification to accompany the supplemental responses.

Attached to Mrs. Fields' opposition to the motion are verified supplemental responses to MFGPC's discovery requests. Op Ex. C, ECF No. 254-3. Thus, the court finds much of MFGPC's motion is now moot. The court has reviewed these supplemental responses and finds them to be appropriately confined to the court's prior constraints on remaining discovery. For example, Interrogatory # 3 states: "Identify all entities and products using the Mrs. Fields Trademark on prepackaged popcorn products other than MFGPC." *Id.* p. 2. In response Mrs. Fields provides: "During the time period of Perfect Snax Prime, LLC sold Cookie Pop popcorn products in Chocolate Chip and Cookies & Cream flavors bearing the Mrs. Fields mark. Mrs. Fields Confections, LLC also sold products that are shown in the invoices that Mrs. Fields is producing that are within the scope of discovery ordered by the court in its February 4, 2020 order." *Id.* MFGPC's Interrogatory # 6 requests:

> Identify and describe with particularity all prepackaged popcorn products being manufactured, marketed, or sold using the Mrs. Fields Trademark, including descriptions or pictures of the packaging, ingredients, labels, product title, retail price, and retail destination.

*Id.* p. 3. Mrs. Fields objected to this interrogatory as exceeding the scope of the court's February discovery order and the court largely agrees. The court's February discovery order provided renewed focus to the remaining discovery. The court stated the remaining discovery

> should be focused on information regarding (1) the value of the License
> Agreement; (2) license agreements that Mrs. Fields entered into with third parties
> that violated MFGPC's exclusive rights under the License Agreement during the
> third five-year term; and (3) Mrs. Fields' own sales of its prepackaged popcorn
> products that violated MFGPC's exclusive rights under the License Agreement
> during the third term.

February discovery order p. 7. Pictures of the packaging, ingredients, labels, titles and

information regarding the retail destination are outside the scope of the February discovery order.

Now perhaps, the retail price could be relevant to determine the value of the License Agreement.

Yet, such information is highly likely to already be found on the supplemental detailed

spreadsheet of prepackaged popcorn sales that Mrs. Fields has provided and that, based on the

current facts before the court, MFPGC has not questioned or followed up on.

In its motion MFPGC does not specifically identify any interrogatory deficiency thus the

court will deny MFPGC's motion. However, Mrs. Fields' supplemental verified responses are

dated June 25, 2020, which is after MFPGC filed its motion to compel on June 18, 2020. Federal

Rule 37 provides that if the disclosure or discovery is provided after filing "the court must, after

giving an opportunity to be heard, require the party or deponent whose conduct necessitated the

motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

Based upon the record it appears MFPGC sought in good faith to obtain the verified

supplemental responses without court action. In addition, there is nothing to indicate that Mrs.

Fields' delay or nondisclosure was substantially justified or "other circumstances make an award

of expenses unjust." *Id.* The court therefore will grant MFPGC's request for award of fees. The

court will grant reasonable expenses incurred in bringing this specific motion and MFPGC is to

file an affidavit concerning those costs within thirty (30) days from the date of this order.

ORDER

Based upon the foregoing, MFGPC's Motion to Compel is DENIED IN PART AND

GRANTED IN PART. MFGPC's request for fees is granted under Rule 37 and MFGPC is to file

an affidavit concerning costs within thirty (30) days from the date of this order. Mrs. Fields may

then file an objection, if needed, to the MFGPC's affidavit within seven (7) days from its filing.

IT IS SO ORDERED.

DATED this 30 June 2020.

_____
Dustin B. Pead
United States Magistrate Judge