Brian M. Rothschild (15316)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
brothschild@parsonsbehle.com
ECF@parsonsbehle.com

*Attorneys for MFGPC, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MFGPC, INC., a California corporation,<br><br>Defendant. | **AFFIDAVIT OF BRIAN M. ROTHSCHILD OF FEES AND EXPENSES INCURRED IN BRINGING MFGPC'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br><br>Civil No. 2:15-cv-00094-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Dustin B. Pead |
| MFGPC, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>MRS. FIELDS FRANCHISING, LLC, a Delaware limited liability company, and MRS. FIELDS FAMOUS BRANDS, LLC, a Delaware limited liability company, dba Famous Brands International,<br><br>Counterclaim Defendants. | |

i

I, Brian M. Rothschild, declare and affirm as follows:

1.     I am an attorney at law licensed in good standing in the States of Utah, Idaho, and California and I am a shareholder of the law firm of Parsons Behle & Latimer.

2.     I am over the age of 18 and competent to testify as to the matters set forth herein. The facts set forth herein are based upon my personal knowledge or upon client/matter records of Parsons Behle reviewed by me or by an employee of Parsons Behle acting under my supervision and direction.

3.     I submit this Affidavit as ordered by the Court in its Order entered June 30, 2020 (the "**Order**") (ECF 256) in the above-captioned case adjudicating the Motion to Compel Discovery Responses under Local Rule DUCivR. 37-1(A)(3) (the "**Motion to Compel**") (ECF 253) brought by MFGPC, Inc. ("**MFGPC**") setting forth the reasonable fees incurred by MFGPC attempting to elicit discovery responses from Counterclaim Defendants to produce documents and provide verified discovery responses in response to MFGPC's Discovery Requests.

4.     As undersigned counsel for MFGPC, I requested compliance with the rules and supplemental production in accordance with this Court's prior Discovery Order on no less than twelve occasions prior to bringing the Motion to Compel, as detailed in the correspondence attached as Exhibit A hereto.  As noted in the Order, Mrs. Fields refused to provide the requested discovery responses until after MFGPC filed its Motion to Compel.  (Order at 4.)  Thus, the Court ordered me to file this Affidavit setting forth the fees and costs incurred in bringing the Motion to Compel.  (*Id.*)

5.     Attached as Exhibit B hereto is a true and correct detail of the actual time spent by Parsons Behle's attorneys on this matter relating to the Motion to Compel.  Parsons Behle's

attorneys kept and maintained these records contemporaneously in the ordinary course of business. Time spent on compelling production and filing the Motion to Compel total 16.3 hours for a resulting fee of $7,579.50.  Fees unrelated to the Motion to Compel have been omitted.

*I, Brian M. Rothschild, hereby declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.*

DATED this 29th day of July, 2020.

/s/ Brian M. Rothschild
Brian M. Rothschild

2

# EXHIBIT A

### EMAIL CORRESPONDENCE ATTEMPTS TO MEET AND CONFER

4830-6243-4245v1

**Brian M. Rothschild**

| | |
|---|---|
| **From:** | Brian M. Rothschild |
| **Sent:** | Tuesday, May 26, 2020 4:31 PM |
| **To:** | Rod N. Andreason |
| **Cc:** | Avery Samet |
| **Subject:** | RE: Popcorn discovery |

Rod:

Answering discovery requests and responding to a discovery dispute are not the same processes.  Again, I have cited the rules that require you to provide responses, verified under oath, for use in trial and depositions, which your responses on the discovery chart and the Excel sheet did not.  I assume that you now understand the difference given your agreement to provide amended responses to the discovery requests.  I look forward to seeing them.

I did not ask you to provide updated discovery requests for the first time on Thursday.  I asked you to provide updated responses to the discovery requests on February 11, 2020, and again on February 18, 2020, and again on February 23, 2020, and again on March 3, 2020, and again on March 6, 2020, and again on March 9, 2020, and again on April 3, 2020, and again on April 14, 2020, and again on April 27, 2020, and again on May 7, 2020, and again on May 13, 2020.  I therefore disagree with your characterization that my request was made with "contrived urgency," in bad faith, or that I have not had the patience of Job.  Your failure to produce updated discovery responses even up to and including today, on the other hand, is not helping to move this matter forward.

The spreadsheet you attached has sales data from Mrs. Fields confections and Sir Walter Candy Corporation.  This is all of the sales of Mrs. Fields' branded popcorn during the three years remaining on the license from all sources, including stores, worldwide?  And your client will sign a verification to that effect?  It does not contain any sales data or royalty reporting data from Cookie Pop.  Are we to expect that compilation later or elsewhere?

Sincerely,

Brian

---

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Tuesday, May 26, 2020 3:33 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Brian,

Working with you is a unique experience.  You asked us to provide our positions in response to your discovery requests by inputting them into a chart that you had provided – which we did.  Months later, you ask for those positions again, and then, when we point out that we already provided them to you in the form you requested, you insist that we provide additional items that you hadn't previously requested over a holiday weekend, due on Memorial Day itself, or else you will file a discovery motion.  In making that demand, the only item that you name specifically as missing is in our response to Interrogatory No.4 regarding sales of popcorn products; however, we already provided that information to you in a spreadsheet with an accompanying explanation, months ago, back on March 13.  See Avery's email, sent on that date.

We agree that our supplemental responses are better when provided in a formal document instead of the form you originally requested; we are doing that.  We agree that you are entitled to a signed verification by our clients; we are getting that – although since the depositions of our clients are not even scheduled, the over-the-holiday-weekend urgency seems contrived at best, and potentially in bad faith.  I note again that Avery Samet, Mrs. Fields' primary counsel in this case, is operating from New York out of his apartment, making some of our responses significantly slower, including identifying documents by bates number.  Nevertheless, we are pushing forward sending you formal supplemental responses to discovery requests – with a formal client verification.


Sincerely, Rod Andreason

**KIRTON | McCONKIE**
**Rod N. Andreason**
Attorney
o  801-328-3600
d  801-321-4853

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Thursday, May 21, 2020 4:18 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery
**Importance:** High


Rod:

I know precisely what you have produced.  You have not provided answers to the Interrogatories in accordance with FRCP 33.  Specifically, with respect to interrogatories:

(b) ANSWERS AND OBJECTIONS.

   (1) *Responding Party*. The interrogatories must be answered:

      (A) by the party to whom they are directed; or

      (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

   (2) *Time to Respond*. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

   (3) *Answering Each Interrogatory*. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

   (4) *Objections*. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

   (5) *Signature*. The person who makes the answers must sign them, and the attorney who objects must sign any objections.

(c) USE. An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence.


We are going to trial.  I am also conducting depositions.  I do not have a written interrogatory response signed under oath by the answering party upon which I can question and cross-examine witnesses or which I can submit to my expert to rely on in making damages calculations.

Going back to my example of ROG 4, which states as follows:

Identify and describe all sales of prepackaged popcorn bearing the Mrs. Fields Trademark, whether by Mrs. Fields or its licensees, including a description of volume, product specification, manufacturer, seller, retail outlet/platform/internet, etc., geographic location, royalties earned/paid, profits, and costs.

The Word document you sent me was a discovery dispute chart, attached, is not a full and separate response, under oath, signed by the party and attorney response to this interrogatory.

**Mrs. Fields' Position: The Court's order dated February 4, 2020 limited discovery in this case to (1) Mrs. Fields' prepackaged popcorn products, (2) from December 2014 until April 2018, (3) excluding future valuations, plans, and initiatives for Mrs. Fields' prepackaged popcorn products beyond that time period, and (4) focused on (a) the value of the License Agreement, (b) license agreements that Mrs. Fields entered into with third parties from December 2014 until April 2018, and (c) Mrs. Fields' own sales of its prepackaged popcorn products during that same time period.  In conformance with the court's order, Mrs. Fields supplements its original response by stating:  Mrs. Fields continues to object to this request on the grounds of irrelevance and disproportionality.  Subject to these specific objections and the General Objections previously provided, Mrs. Fields responds as follows: Mrs. Fields has produced all royalty reports provided to it by Perfect Snax Prime, LLC and Mrs. Fields Confections, LLC during the time period established by the court, detailing the sales of prepackaged popcorn products during the time scope of discovery.**

This response does not fully answer the questions.  It does not answer the questions at all.  33(d) doesn't help you: you haven't specified where among the mountains of irrelevant spreadsheets, which appear to have been produced in randomized order rather than as kept in the ordinary course of business, you have produced that I could find this information.  Mrs. Fields knows this information and can answer the question more easily than wasting thousands of hours of client and expert time sorting through spreadsheets showing how many toffee bars, cookies, cakes, and pretzels you have sold, none of which is even close to relevant.

Until you have complied with Rule 33, you have not responded.

Please indicate when you will comply.  I should not have to police your behavior and constantly have to hound you to comply with basic responsibilities.  Both you and Mr. Samet are experienced litigators, so I can only surmise that your conduct in which you do not pay even slight attention to the Rules, Court's orders, or your responsibilities under FRCP 1 to facilitate a speedy and efficient resolution of these proceedings is intentional.  Please get this done or we are going to waste additional time and client resources in front of the Court on the matter.

Produce them by Monday or I'm filing a Motion.

Sincerely,

Brian

---

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Thursday, May 21, 2020 3:26 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@aminllc.com>
**Subject:** RE: Popcorn discovery

Brian,

We provided responses to your "meet and confer" items regarding MFGPC's written discovery requests in the form that you requested – insertions of Mrs. Fields' positions as to each discovery request into the chart you prepared and sent to

us.  See my attached email on this subject, dated nearly three months ago.  Perhaps it had been so long since we provided those that you had forgotten about them.

Sincerely, Rod

**KIRTON | McCONKIE**
**Rod N. Andreason**
Attorney
o  801-328-3600
d  801-321-4853

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Tuesday, May 19, 2020 11:02 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Avery and Rod:

I received the document production today.  Does Mrs. Fields intend to produce updated responses to the interrogatories and RFAs per my email below?

Thank you,

Brian

---

**From:** Brian M. Rothschild
**Sent:** Wednesday, May 13, 2020 7:41 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery
**Importance:** High

Rod and Avery:

I still have not received the promised document production.  Perhaps more importantly, I have not received the updated answers to the interrogatories or RFAs.  These do not need to be submitted to a production company to be produced to me.

For example, ROG 4 states:

Identify and describe all sales of prepackaged popcorn bearing the Mrs. Fields Trademark, whether by Mrs. Fields or its licensees, including a description of volume, product specification, manufacturer, seller, retail outlet/platform/internet, etc., geographic location, royalties earned/paid, profits, and costs.

This seems simple.  We fought about whether Mrs. Fields had to answer this and for what time period.  You argued that the only thing that was relevant was MFGPC's previous performance.   We argued that how much popcorn Mrs. Fields sold and what it earned during the remaining period on the license was relevant and needed to be produced.  The Court ruled against you:

Having reviewed the parties' arguments and the Tenth Circuit's decision, the court concludes that the scope of remaining discovery in this case should be limited, but not to the extent that Mrs. Fields desires. Before explaining those limitations, the court first notes that while the Tenth Circuit opined that MFGPC's own sales data could serve "as a reasonable measure of MFGPC's damages," the Tenth Circuit did not conclude that MFGPC's own sales data was the only reasonable measure of damages or the only information relevant to MFGPC's damages. Id. at 1236. Thus, although MFGPC's own sales data is highly relevant and perhaps the best measure of MFGPC's damages, MFGPC is entitled to discover other information that may also be highly relevant to its damages.  Nevertheless, that information and the scope of discovery regarding MFGPC's damages must be limited in the following ways. First, discovery is limited to the prepackaged popcorn sector of Mrs. Fields' business. Second, as the Tenth Circuit noted, the actual calculation of damages is limited to the remainder of the third five-year term, i.e., from December 2014—when Mrs. Fields breached the License Agreement—to April 2018—when the third five-year term ended.

It has been three and a half months since the Court entered this Order, and one and a half years since MFGPC sent over this simple discovery request and the others we have propounded, and we still have no answer.

This is my last attempt to meet and confer on this issue.  Please provide the responses within 10 days or I will file my motions to compel and for sanctions.

Sincerely,

Brian

---

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Tuesday, May 12, 2020 1:09 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Brian,

Avery's office has submitted the produced documents to the discovery vendor; have you received those yet?  They should have been provided to you by now.

As for the depositions, we will not agree to have them taken in person until it is safe to do so.  Any noticing of an in-person deposition before it is safe do so will result in our filing formal, written objections in lieu of appearing at the deposition.  Our designee, current CEO Steve Goldstein, is currently available the week of June 8.  We can check on dates in July as well, if you prefer.

Chris Lindley may call Steve Goldstein to discuss settlement, per your prior request.  Steve Goldstein is the current CEO of Mrs. Fields.  Mr. Lindley can reach him at 858-699-7769 to have a client to client settlement call.

Thanks, Rod

**KIRTON | MⷜCONKIE**
**Rod N. Andreason**
Attorney

o  801-328-3600
d  801-321-4853

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Thursday, May 7, 2020 10:50 AM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Avery and Rod:

I am still waiting and have received nothing in the way of the promised document production.  I do not agree to conduct the depositions of Mrs. Fields via remote technology.  We have sufficient time that the restrictions will likely be lifted in time to allow them to be done in person.  Thus we will be pushing our 30(b)(6) deposition to June as well, and will do them in person.  If that is not possible, we will push them to July to do so.  Please identify dates for your designee(s).

Sincerely,

Brian

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Friday, May 1, 2020 2:09 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Popcorn discovery

Brian,

I have been in contact with Avery, who has had much greater Covid challenges in New York than you and I here, including a loss of electricity in his home – the only place he can work at this time.  Avery reports that the document production will be finished and submitted to the production vendor by Monday, with the expectation that the vendor will have it to you within a couple days of that submission.  In addition, he has identified witnesses for the depositions you have noticed and should have proposed dates for you by one from today – understanding that those depositions will need to be done by remote technology.  We will also be asking you for witness dates for a Rule 30(b)(6) deposition of MFGPC, likely in June.

Avery is working to set up a call between principals of our clients as well, albeit after the above items have been arranged.

Please let us know if you have any questions about these items.

Thanks, Rod


**KIRTON | McCONKIE**
**Rod N. Andreason**
Attorney
o  801-328-3600
d  801-321-4853

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Monday, April 27, 2020 3:48 PM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Avery and Rod:

Attached please find Confidentiality Agreements relating to the MFGPC case for two additional experts hired by MFGPC on damages and other issues, for your review in accordance with the Standard Protective Order in this case.

We have still received no response to the questions, below, and no updated discovery responses from you, and no date to reschedule the previously noticed deposition.  Please respond on these issues.

Sincerely,

Brian

---

**From:** Brian M. Rothschild
**Sent:** Tuesday, April 14, 2020 11:20 AM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Avery and Rod:

Thank you for stipulating to the extension of discovery deadlines.  We still have three outstanding items, below, which we need addressed before time runs short again:  (1) the long-promised supplemental production of documents; (2) the inquiry regarding getting the two clients on the phone without attorneys to discuss; and (3) the rescheduling of the 30(b)(6) deposition of the Mrs. Fields counterclaim defendants.

Thank you,

Brian

---

**From:** Brian M. Rothschild
**Sent:** Friday, April 3, 2020 1:29 PM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery
**Importance:** High

Avery and Rob:

Please respond to the emails below.  Nothing about this crisis should prevent one of the two of you from being responsive to email.  Are the long promised documents coming?  When??  Will you stipulate to an extension of discovery deadlines?   Will you client have a phone negotiation sans attorneys with my client?  Please respond.

Thank you,

Brian

---

**From:** Brian M. Rothschild
**Sent:** Monday, March 30, 2020 12:51 PM

**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Following up on this.  Thanks.



**Brian M. Rothschild • Attorney at Law • Admitted in California, Idaho, and Utah**
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main +1 801.532.1234 • Direct +1 801.536.6762 • Fax +1 801.536.6111

parsonsbehle.com • BRothschild@parsonsbehle.com • vCard

---

**From:** Brian M. Rothschild
**Sent:** Friday, March 27, 2020 12:47 PM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Avery:

I understand these are pressing times.  Given that we still have not received anything from you, I am going to have to ask for a 2-month discovery deadline extension.  Will you agree to the extension of all applicable dates?

Brian

---

**From:** Brian M. Rothschild
**Sent:** Friday, March 20, 2020 2:56 PM
**To:** Avery Samet <asamet@aminillc.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** RE: Popcorn discovery

Likewise, I hope you are safe.  Yes, it has been crazy.

I think a telephone meeting between our two clients with no lawyers on the phone is the best we can hope for.

Brian

---

**From:** Avery Samet <asamet@aminillc.com>
**Sent:** Friday, March 20, 2020 2:54 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** Re: Popcorn discovery

Brian —

First, apologies to you, events have somewhat overtaken me this week.

Second, I do owe you a phone call on settlement issues and I sincerely hope to do that on Monday.  In my own mind, I've been trying to get everything organized on my end before connecting with you, but every day there's a new challenge.

Third, I intend to make my production to you on Tuesday.  My team is working from home from three different states and finalizing the review over the internet.  Because we no longer have an office, we're going to use a vendor to make the production and I am advised that they need a 24 hour turnaround time.  If we send to them on Monday, then we should be able to you on Tuesday.

Fourth, I agree that we need to extend the discovery schedule.  But at this point, I just don't know what's going to happen and any extension is going to be based on estimates.

Anyway, hope you are safe,

Regards,

Avery


Avery Samet

AMINI
212.490.4700
212.497.8239

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Friday, March 13, 2020 6:57 PM
**To:** Avery Samet
**Cc:** Rod N. Andreason
**Subject:** RE: Popcorn discovery

Do you want to call me and chat about what you mean in paragraph 1?

I understand and am sympathetic with the delay given world events.  I am however struggling with the issue of what to do about discovery deadlines.  If you get me something by the end of next week, we will be fine.  If not, I will be coming to you requesting a stipulation to extension of discovery deadlines.

Brian



**Brian M. Rothschild • Attorney at Law • Admitted in California, Idaho, and Utah**
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main 801.532.1234 • Direct 801.536.6762 • Fax 801.536.6111

parsonsbehle.com • BRothschild@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible

to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at 801.532.1234, and delete this original message.

**From:** Avery Samet <asamet@aminillc.com>
**Sent:** Friday, March 13, 2020 4:47 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** Popcorn discovery

Brian --

Wanted to update you as promised.

First, with respect to your settlement overture.  I reached my client.  Given what's going on in the world, I don't see any in-person conference happening in the near term.  That said, I'd like to see if you and I can explore ways to reach resolution notwithstanding that.

Second, with regards to the sales information requested in the interrogatories.  We have compiled the attached chart for you detailing Mrs. Fields' prepackaged popcorn sales and purchases within the specified time period.  My understanding is that these sales/ purchases replaced the roughly $70,000 of popcorn sold by MFGPC to Mrs. Fields a year.  The chart does not list the PSP sales for the period which are on the royalty report which you already have.

Third, with respect to document production we are still readying a supplemental production for you.  Just slower going with everyone working from home.  Unfortunately, my paralegal on the case has come down sick and so had to stop working today.  Working on pushing these out to you as soon as possible.  I don't want to hit pause, but events are what they are.

Regards,

Avery

Avery Samet

AMINI
212.490.4700
212.497.8239

**Brian M. Rothschild**

| | |
|---|---|
| **From:** | Brian M. Rothschild |
| **Sent:** | Tuesday, March 10, 2020 7:37 AM |
| **To:** | Avery Samet |
| **Cc:** | Rod N. Andreason |
| **Subject:** | Re: Your message |

Purim and Purell, my friend. Thanks for the response under the circumstances.

Get Outlook for Android

---

**From:** Avery Samet <asamet@aminillc.com>
**Sent:** Tuesday, March 10, 2020 7:10:35 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Rod N. Andreason <randreason@kmclaw.com>
**Subject:** Re: Your message

I'm sorry Brian, there's a small amount of chaos going on around her.  My family has now been quarantined through March 16 and we have advised the rest of the firm to work from home.

Still, in terms of the discovery, my team is still working and I am still aiming to complete our production by the end of this week, maybe Monday.   It should not be a ton of documents.  I would just to just like to confirm, so we don't have to do this twice.

In terms of the client meeting, I followed up yesterday and am advised that I should have answer by tomorrow.

Other than today (Purim), I am checking emails, available by phone and doing my best to continue working.  Everyone is healthy and I intend to keep this case moving.  I will try to give you an update where we are on Thursday.

Regards,

Avery Samet

AMINI
212.490.4700
212.497.8239

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Monday, March 9, 2020 6:42 PM
**To:** Avery Samet
**Subject:** Re: Your message

Avery:

I am getting very close to the deadline by which I will have to move to compel. Please let me know as soon as possible on both issues, below. Thank you.

Get Outlook for Android

1

**From:** Brian M. Rothschild
**Sent:** Friday, March 6, 2020 10:28:39 AM
**To:** Avery Samet <asamet@aminillc.com>
**Subject:** RE: Your message

Avery:

Any word from your client about timing on documents and discovery responses, and the client-on-client meeting?

Thanks,

Brian

---

**From:** Brian M. Rothschild
**Sent:** Wednesday, March 4, 2020 8:10 AM
**To:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Your message

Oh no, that is terrible!

Get Outlook for Android

---

**From:** Avery Samet <asamet@aminillc.com>
**Sent:** Wednesday, March 4, 2020 7:58:14 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Subject:** Re: Your message

I will get back to you today.

(Among other things, my daughter is now under quarantine related to coronavirus!)

Avery Samet

AMINI
212.490.4700
212.497.8239

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Tuesday, March 3, 2020 9:41:56 AM
**To:** Avery Samet <asamet@aminillc.com>
**Subject:** Re: Your message

OK. We still have received no supplemental production from Mrs. Fields following the court ruling despite being promised that documents would be produced by Thursday of last week. Also, Mrs. Fields has not produced a verified answer to the discovery requests following the Court's ruling. I am calling to complete the meet and confer and confirm whether you intend to comply with your discovery obligations. If you think a further conversation is unnecessary, you may respond by email.

Also, my client has a proposal we can talk about. I'd prefer to do it by phone.

Sincerely,

Brian

Get [Outlook for Android](#)



**Brian M. Rothschild • Attorney at Law • Admitted in California, Idaho, and Utah**
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main 801.532.1234 • Direct 801.536.6762 • Fax 801.536.6111

parsonsbehle.com • BRothschild@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at 801.532.1234, and delete this original message.

**From:** Avery Samet <asamet@aminillc.com>
**Sent:** Tuesday, March 3, 2020 6:50:29 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Subject:** Your message

Brian - got your message, I'm in Court all day today.  Hopefully, will call you back tomorrow am.

Regards,

Avery


AMINI LLC
212.490.4700 - OFFICE
212.497.8239 - DIRECT
212.490.4208 - FAX

ASAMET@AMINILLC - EMAIL

www.aminillc.com

**Brian M. Rothschild**

| | |
|---|---|
| **From:** | Brian M. Rothschild |
| **Sent:** | Tuesday, February 18, 2020 9:10 AM |
| **To:** | Rod N. Andreason |
| **Cc:** | Avery Samet |
| **Subject:** | Re: MFGPC - Discovery Request Chart for Mrs. Fields |

In response I will only say that it is your responsibility to produce all of the documents responsive to the previously served production, not my responsibility to again go through your production and tell you what you have not produced. This has been your responsibility for more than a year. The way this should have worked is that you should have produced all of the documents the first time. You have yet to seek any kind of protective order and so you are fortunate that you have any limitations on the discovery sought.

Thank you. I look forward to seeing your production.

Brian

---

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Tuesday, February 18, 2020 7:50:55 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** RE: MFGPC - Discovery Request Chart for Mrs. Fields

Brian,

Judge Kimball's order placed much more than "time restrictions" on the scope of discovery in this case. Perhaps you should read pages 6-7 of his order. Your chart does not reflect any of the limitations in that order, even the "time restrictions." It is unfortunate that you won't revise what you are requesting to comply with the court's order.

Nevertheless, despite that, we will respond to your chart, pointing out the court's ordered limits as part of our responses. Now that Avery is back in the office, he and his assistants will also help confirm the completeness of what we have provided within those limits and whether there is anything more to produce. We expect to provide that to you by this Thursday.

Sincerely, Rod

**KIRTON | McCONKIE**
**Rod N. Andreason**
Attorney
o  801-328-3600
d  801-321-4853

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Wednesday, February 12, 2020 11:29 AM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** RE: MFGPC - Discovery Request Chart for Mrs. Fields

I revised the chart when I sent it to you in December.  Now the only thing that is different is the time restrictions placed on it by Judge Kimball.  Please read what I sent you.

Brian

**From:** Rod N. Andreason <randreason@kmclaw.com>
**Sent:** Wednesday, February 12, 2020 11:19 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** RE: MFGPC - Discovery Request Chart for Mrs. Fields

Brian,

Avery has the chief information regarding what we have produced in this case.  He will convey that to me, but he is out on vacation this week.  I will work to speak with him next week.

In the meantime, the chart you attached to your email below pertained to this case as it stood in 2018, long before the decision of the Tenth Circuit on appeal and the further scope ruling that Judge Kimball just issued.  Accordingly, so that we may evaluate what you are actually requesting, please either revise your chart to reflect the results of that history and those two rulings or otherwise state what you are seeking that is within what the court has ordered but that you believe you have not received.  That appears to be the only way that we can understand what you want that is still relevant, let alone have an effective "meet and confer" discussion on this subject.

Sincerely, Rod

**KIRTON | McCONKIE**
**Rod N. Andreason**
Attorney

o  801-328-3600
d  801-321-4853

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Tuesday, February 11, 2020 5:49 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** RE: MFGPC - Discovery Request Chart for Mrs. Fields

Rod and Avery:

I sent this meet and confer request to you on January 2, 2020, and we still have not heard from you whether you will produce the documents responsive to our prior discovery request.  Given the Court's ruling, do you intend to produce the documents responsive to our discovery requests, or will I need to file a Statement of Discovery Issues?  Of course, they may be cabined somewhat by the time and subject matter limitations placed on us by the Court in its scheduling order.  Please respond by Friday, February 14, 2020 so we know how to proceed.  I would much rather cooperate with you to keep costs down than to have to fight a lengthy discovery battle for what the Court has clearly demarcated as within bounds of discovery in this case.

Sincerely,

Brian

**From:** Brian M. Rothschild
**Sent:** Thursday, January 2, 2020 7:33 PM
**To:** Rod N. Andreason <randreason@kmclaw.com>
**Cc:** Avery Samet <asamet@storchamini.com>
**Subject:** MFGPC - Discovery Request Chart for Mrs. Fields

Rod:

As discussed during our meet and confer on discovery, attached please find a chart of the discovery requests related to damages that Mrs. Fields has not responded to.  I would like to see something back from you within 14 days (at least an indication whether Mrs. Fields will make efforts to produce the documents and respond to the discovery requests if not able to provide the responses by then) to avoid a statement of discovery issues.

Also as discussed, please provide me with some potential dates for the Mrs. Fields' entities 30(b)(6) deposition.  I would need them to be at least 40 days out to allow for the supplemental discovery production or, if you intend to litigate that, 60 days out.

Sincerely,

Brian



**Brian M. Rothschild • Attorney at Law • Admitted in California, Idaho, and Utah**
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main 801.532.1234 • Direct 801.536.6762 • Fax 801.536.6111

parsonsbehle.com • BRothschild@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at 801.532.1234, and delete this original message.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of June, 2020, I served a true and correct copy of the

foregoing **MFGPC'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

**(SHORT FORM – LOCAL RULE DUCIVR. 37-1(A)(3), ET SEQ.)** by filing a true and correct

copy with the Court's ECF filing system, which sent a copy to each of the following:

<u>Co-Counsel for Mrs. Fields Franchising, LLC and Mrs. Fields Famous Brands, LLC</u>
Avery Samet
STORCH AMINI PC
2 GRAND CENTRAL TOWER
140 EAST 45TH STREET, 25TH FLOOR
NEW YORK, NY 10017
asamet@storchamini.com

<u>Co-Counsel for Mrs. Fields Franchising, LLC and Mrs. Fields Famous Brands, LLC</u>
Rod N. Andreason
Kirton McConkie
50 E. South Temple #400
Salt Lake City, UT 84111
randreason@kmclaw.com

PARSONS BEHLE & LATIMER

/s/ Brian M. Rothschild
_____
Brian M. Rothschild
*Attorneys for MFGPC, Inc.*

# EXHIBIT B

### TIME DETAIL

Exhibit B - Timekeeper Expense Detail

**Time Report**
MFGPC/Mrs. Fields Litigation

| Date | Name | Hours | Amount | Rate | Narrative |
|------|------|-------|--------|------|-----------|
| 1/9/2020 | Rothschild, Brian M. | 1.10 | 511.50 | 465.00 | Review and catalogue discovery deficiencies; correspondence with A. Samet and R. Andreason requesting meet and confer regarding discovery deficiencies. |
| 2/11/2020 | Rothschild, Brian M. | 0.20 | 93.00 | 465.00 | Follow up correspondence with R. Andreason and A. Samet regarding discovery deficiencies and setting February 14, 2020 deadline for meet and confer. |
| 2/12/2020 | Rothschild, Brian M. | 0.40 | 186.00 | 465.00 | Correspondence with opposing counsel regarding deficiencies; review discovery chart at request of opposing counsel and responsive correspondence. |
| 2/18/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Review responsive correpsondence and correspondence with opposing counsel reminding counsel of duties to produce. |
| 3/3/2020 | Rothschild, Brian M. | 0.50 | 232.50 | 465.00 | Attempted call with opposing counsel on lack of production; correspondence to and from opposing counsel regarding same. |
| 3/3/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Attempted call with opposing counsel on lack of production and lack of verified discovery responses; correspondence from opposing counsel regarding same. |
| 3/6/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Follow up regarding failure to produce. |
| 3/9/2020 | Rothschild, Brian M. | 0.50 | 232.50 | 465.00 | Follow up regarding failure to produce; review pretrial discovery deadlines and calculate dates for Motion to Compel. |
| 3/10/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Continued correspondence on discovery dispute. |
| 3/13/2020 | Rothschild, Brian M. | 0.20 | 93.00 | 465.00 | Continued correspondence to and from A. Samet on discovery dispute. |
| 3/27/2020 | Rothschild, Brian M. | 0.90 | 418.50 | 465.00 | Review order setting discovery and pre-trial deadlines; review status of unproduced discovery; correspondence with opposing counsel to extend discovery response dealine in light of failure to respond and need for further meet and confer. |
| 3/30/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Follow up on extension of discovery deadlines in light of failure to meet and confer. |
| 4/3/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Follow up correspondence with opposing counsel on failure to produce and extension of discovery deadlines. |
| 4/10/2020 | Rothschild, Brian M. | 1.80 | 837.00 | 465.00 | Prepare Stipulated Motion for Extension of Discovery Deadlines in light of discovery dispute and send to opposing counsel with cover correspondence. |
| 4/13/2020 | Rothschild, Brian M. | 0.60 | 279.00 | 465.00 | Collect signatures on Extension Motion; finalize and file same. |
| 4/14/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Follow up with opposing counsel regarding failure to produce, failure to schedule 30(b)(6) deposition, and other issues. |
| 4/27/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Correspondence with opposing counsel sending confidentiality agreements under protective order for experts and discovery failure and failure to provide deposition dates. |
| 5/1/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Review correspondence from R. Andreason regarding promised document production and 30(b)(6) deposition dates. |
| 5/7/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Follow up correspondence with R. Andreason and A. Samet regarding still missing document production, 30(b)(6) deposition date. |
| 5/13/2020 | Rothschild, Brian M. | 1.30 | 604.50 | 465.00 | Review original discovery requests and correspondence with excerpts; research on FRCP 26 production and response obligations; extensive correspondence with opposing counsel requesting verified responses to discovery requests |
| 5/19/2020 | Rothschild, Brian M. | 0.10 | 46.50 | 465.00 | Follow up correspondence requesting updated verified discovery responses. |

Exhibit B - Timekeeper Expense Detail

| Date | Timekeeper | Hours | Amount | Rate | Description |
|---|---|---|---|---|---|
| 5/21/2020 | Rothschild, Brian M. | 1.30 | 604.50 | 465.00 | Review correspondence from R. Andreason and referenced discovery chart; review and cite FRCP 33 on failure to provided verified responses to discovery so that responses to interrogatories may be used in depositions and at trial; correspondence setting forth concerns and intent to file Motion to Compel if no response is received. |
| 5/26/2020 | Rothschild, Brian M. | 1.30 | 604.50 | 465.00 | Review of prior correspondence to address opposing counsel's bad faith allegation; review previously produced responses and describe in correspondence again why data is incomplete, unverified, and therefore does not comply with FRCP 33. |
| 6/11/2020 | Rothschild, Brian M. | 3.00 | 1,395.00 | 465.00 | Prepare Motion to Compel; assemble correspondence as exhibits; research for same; send to client for review and approval. |
| 6/12/2020 | Rothschild, Brian M. | 0.40 | 186.00 | 465.00 | Revise Motion to Compel and correspondence with client. |
| 6/18/2020 | Rothschild, Brian M. | 0.70 | 325.50 | 465.00 | Finalize and file Motion to Compel. |
| 6/26/2020 | Rothschild, Brian M. | 0.40 | 186.00 | 465.00 | Review and analysis of Mrs. Fields Response to Motion to Compel. |
| 6/30/2020 | Rothschild, Brian M. | 0.60 | 279.00 | 465.00 | Review Order on Motion to Compel and correspondence with client and opposing counsel regarding same. |
| **TOTALS** | | **16.30** | **7,579.50** | | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2020, I served a true and correct copy of the foregoing **AFFIDAVIT OF BRIAN M. ROTHSCHILD OF FEES AND EXPENSES INCURRED IN BRINGING MFGPC'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS** by filing a true and correct copy with the Court's ECF filing system, which sent a copy to each of the following:

Co-Counsel for Mrs. Fields Franchising, LLC and Mrs. Fields Famous Brands, LLC
Avery Samet
STORCH AMINI PC
2 GRAND CENTRAL TOWER
140 EAST 45TH STREET, 25TH FLOOR
NEW YORK, NY 10017
asamet@storchamini.com

Co-Counsel for Mrs. Fields Franchising, LLC and Mrs. Fields Famous Brands, LLC
Rod N. Andreason
Kirton McConkie
50 E. South Temple #400
Salt Lake City, UT 84111
randreason@kmclaw.com

PARSONS BEHLE & LATIMER

/s/ Brian M. Rothschild
Brian M. Rothschild
*Attorneys for MFGPC, Inc.*