IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MRS. FIELDS FRANCHISING, LLC,**<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>**MFGPC, INC.,**<br><br>Defendant/Counterclaimant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-CV-00094-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on MFGPC Inc.'s ("MFGPC" or "Defendant") four Motions in Limine. (ECF No. 262–65.) On June 3, 2021, the court held a hearing on these motions. At the hearing, Bijan Amini and Rod N. Andreason represented Mrs. Fields Franchising, LLC ("Mrs. Fields" or "Plaintiff") and Brian M. Rothschild and Juliette P. White represented MFGPC. The court took the matter under advisement. Now being fully informed, the court issues the following Memorandum Decision and Order.

### INTRODUCTION

MFGPC's motions request that evidence be limited based on two issues. First, MFGPC requests that the court limit some evidence or testimony because Mrs. Fields' 30(b)(6) witness was allegedly unprepared. Second, MFGPC request that the court limit some evidence because the court—on Mrs. Fields' motion—found that third-party sales evidence after April 2018 was irrelevant and undiscoverable. During the hearing, Mrs. Fields did not dispute MFGPC's requests made in the Motions in Limine No. 1 and 2. Thus, the court will not discuss the substance of and will grant those motions. The court will, therefore, focus its analysis on the Motions in Limine No. 3 and 4.

I. **Motion in Limine No. 3: Evidence of the Value of Prepackaged Popcorn**

MFGPC sought information about the value of Mrs. Fields prepackaged popcorn early and frequently through discovery. In its sixth interrogatory, MFGPC requested that Mrs. Fields "[i]dentify and describe with particularity all prepackaged popcorn products being manufactured, marketed, or sold using the Mrs. Fields Trademark, including descriptions or pictures of the packaging, ingredients, labels, product title, retail price, and retail designation." (ECF No. 264-1 at 8.) Mrs. Fields objected to this Interrogatory and failed to produce verified responses thereto, forcing MFGPC to file a Motion to Compel. (ECF No. 253.) After the Motion to Compel was filed, Mrs. Fields produced verified responses. The court reviewed the responses and took Mrs. Fields at its word that it had provided complete and accurate responses. Additionally, the court found that "perhaps[] the retail price could be relevant to determine the value of the License Agreement. Yet, such information is highly likely to already be found on the supplemental detailed spreadsheet of prepackaged popcorn sales that Mrs. Fields has provided. . .." (ECF No. 256 at 4.)

Proceeding under the court's finding that Mrs. Fields had produced the relevant documents, MFGPC included in its 30(b)(6) notice a request that Plaintiff be prepared to discuss:

> all uses of the Trademark known to Mrs. Fields on, for, or related to prepackaged popcorn products for the known period from April 30, 2008 through April 30, 2018, including, without limitation.
> 1. Sales of, profits from, and supporting documentation for all such uses
> 2. Royalties earned by Mrs. Fields or payable by any licensee for all such uses
> 3. Description of all prepackaged popcorn products sold including product name, authorized licensee or Mrs. Fields affiliate, manufacturer, ingredients, wholesale channels, geographic location of sales, and retail channels.
> 4. Costs of goods sold, margins, and profits for all such sales.

(ECF No. 264-1 at 34.) During the deposition, however, Mrs. Fields 30(b)(6) witness, Ms. Schmandt, was seemingly unable to make heads or tails of the business records regarding the value of Mrs. Fields' prepackaged popcorn business. For example, Mrs. Fields had a difficult time explaining why a handful of significant popcorn sales were missing from Mrs. Fields' records, whether the spreadsheet represented the wholesale price or some other value of the prepackaged popcorn, and the date that the sales occurred. (Schmandt Depo., ECF No. 264–1 at 38–79.)

After the deposition, Mrs. Fields took another look through its business records regarding its sales and purchases of prepackaged popcorn "in light of the discrepancies between its prior summary and the documents that were previously produced." (E-mail from Bijan Amini, Mrs. Fields' counsel, to Brian M. Rothschild, MFGPC's counsel (Aug. 21, 2020), ECF No. 264–1 at 80.) Mrs. Fields apparently had not produced all the relevant information and, following that E-mail, produced supplemental responses containing "a revised aggregate" of Mrs. Fields' sales and purchases of prepackaged popcorn and an updated spreadsheet that was created "to locate the additional purchase and sales and verify the data" that was previously produced. (E-mail from Bijan Amini, Mrs. Fields' counsel, to Brian M. Rothschild, MFGPC's counsel (Aug. 21, 2020), ECF No. 264–1 at 80.) Lastly, Mrs. Fields offered to continue the 30(b)(6) deposition to explore the newly produced evidence, which MFGPC subsequently declined to do after a short off-the-record phone call with Ms. Schmandt.

Considering the difficulty that MFGPC has faced in obtaining clear evidence on this topic, it requests that the court exclude evidence of the value of prepackaged popcorn business to Mrs. Fields after Mrs. Fields terminated MFGPC's license. As the basis for the exclusion,

MFGPC complains that Mrs. Fields was unprepared for the 30(b)(6) deposition on this topic and, therefore, the evidence should be excluded.

Under Rule 30(b)(6) "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The named organization must designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." *Id.* "The corporation, then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999) (citation omitted). Thus, Rule 30(b)(6) implicitly requires that the representative "review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the sandbagging of an opponent by conducting a half-hearted inquiry before the deposition." *Id.* (citing *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996)). Failure to meet the obligations imposed by Rule 30 may result in discovery sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.

"Under Fed. R. Civ. P. 37(d), if a party fails to appear for a deposition after proper notice or fails to answer interrogatories or to respond to a request for production, the court may, among other sanctions, refuse to allow the disobedient party to present evidence." *Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994). Specifically, Rule 37(d)(1)(A)(i) states that a court may issue sanctions if "a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that deposition." Defendant suggests

that Mrs. Fields' deponent was so unprepared that the court should consider it as though she failed to appear.

In this instance, the court is unconvinced that Ms. Schmandt was so unprepared to discuss the value of its prepackaged popcorn that she essentially failed to appear. Instead, the deposition transcript demonstrates that this was an instance where Mrs. Fields kept poor, unclear, and incomplete business records. A gap in Mrs. Fields' understanding regarding these records is reasonable given the poor records, the amount of turnover at Mrs. Fields between the relevant period and the deposition, and the age of the case. Additionally, Mrs. Fields made a good faith effort to remedy the discrepancies by finding and producing more documents and offering to reopen the 30(b)(6) deposition. While these remedies may not always work to save a 30(b)(6) witness, the court finds that Mrs. Fields acted diligently and in good faith to make up for any problems that arose from the shoddy business records. In short, it appears that Mrs. Fields has now produced all relevant documents and demonstrated its full knowledge on the topic—albeit very limited knowledge. *See Sonnino v. Univ. of Kansas Hosp. Authority*, 220 F.R.D. 633 (D. Kan. 2004) (citing Fed R. Civ. P. 34) (noting that a party cannot "produce documents that do not exist."); *see also Cartel Asset Mgt. v. Ocwen Financial Corp.*, 2010 WL 502721 *14 (D. Colo. Feb 8, 2010) (noting that parties are not required to create new documents to respond to discovery requests).

For the foregoing reasons, the court finds that Mrs. Fields was sufficiently prepared and produced sufficient documents related to its sales and transactions of prepackaged popcorn. The appearance of being unprepared was caused by Mrs. Fields' shoddy business records. Shoddy records and unsure testimony stemming therefrom do not warrant exclusion. The court will,

therefore, not exclude existing evidence or testimony on this topic[1] and DENIES MFGPC's Motion in Limine No. 3. (ECF No. 264.)

## II. Motion in Limine No. 4: Post-April 2018 Testimony & Evidence of Prepackaged Popcorn Sales

MFGPC's last Motion in Limine relates to evidence concerning popcorn sales made by Perfect Snax Prime, LLC ("PSP") to Mrs. Fields and royalties owed between those parties. The dispute over this evidence began soon after the parties started discovery related to the damages in this case. Specifically, in its fourth interrogatory, MFGPC requested that Mrs. Fields "[i]dentify and describe all sales of prepackaged popcorn bearing the Mrs. Fields Trademark, whether by Mrs. Fields or by licensees, including a description of volume, product specification, manufacture, seller, retails, outlet/platform/internet, etc., geographic location, royalties, earned/paid, profits, and costs." (ECF No. 265-1 at 12.) MFGPC also asked Mrs. Fields to produce all documents used to answer this interrogatory.

Mrs. Fields objected to this interrogatory, stating that the request was "unduly burdensome and disproportional" because it was seeking "information that is not relevant to any party's claim or defense or proportional to the needs to the case" and was "chiefly or exclusively in the possession or control of MFGPC." (ECF No. 265-1 at 26–27.) Accordingly, Mrs. Fields refused to "provide the royalty reports provided to it by Perfect Snax Prime, LLC." (ECF No. 265-1 at 26–27). MFGPC moved to compel the requested information. In its opposition, Mrs. Fields again took the position that third-party sales were irrelevant. (ECF No. 244 at 8–9.)

---

[1] During the hearing, MFGPC's counsel expressed concern that Mrs. Fields would suddenly be able to explain its business record during trial. To the extent that Mrs. Fields changes or supplements its answers during trial, the court can address those concerns at that time.

The court partially adopted Mrs. Fields position, ruling that "the actual calculation of [MFGPC's] damages is limited to the remainder of the third five-year term [of the license agreement], *i.e.*, from December 2014—when Mrs. Fields breached the License Agreement—to April 2018—when the third five-year term ended." (ECF No. 250 at 7.) Thus, the court limited the discoverability to that time period with certain additional limitations:

> [I]n addition to MFGPC's own profit and loss information, the court finds that the remaining discovery in this case should be focused on information regarding (1) the value of the License Agreement; (2) license agreements that Mrs. Fields entered into with third parties that violated MFGPC's exclusive rights under the License Agreement during the third five-year term; and (3) Mrs. Fields' own sales of its prepackaged popcorn products that violated MFGPC's exclusive rights under the License Agreement during the third term.

(ECF No. 250 at 7.) Thus, the court effectively found that evidence of sales and royalties owed between PSP and Mrs. Fields after April 2018 were irrelevant and not subject to discovery. *Id.* Despite this ruling, Mrs. Fields' damages expert relied upon sales and royalties owed between Mrs. Fields and PSP after April 2018 for his rebuttal of MFGPC's damages expert. Mrs. Fields seeks to justify its reliance on and late production of the post-April 2018 PSP sales and royalty evidence by arguing that it is necessary only for rebuttal.

MFGPC's expert bases part of his damages calculation on the "sales targets" contained in the licensing agreement between PSP and Mrs. Fields from September 2017 through the end of 2020. Mrs. Fields argues that it now needs to present the evidence of the actual sales and royalties owed between it and PSP to disprove the accuracy of MFGPC's damages calculation based on "sales targets." According to Mrs. Fields, the court should not be deprived of the evidence showing the actual sales figures because actual sales were below the "sales target" figures. MFGPC requests that this court exclude the post-April 2018 PSP sales and royalty evidence under the doctrine of judicial estoppel.

7

Judicial estoppel's "purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001). The Tenth Circuit has set forth a three-factor test which will "typically inform the decision of whether to apply the doctrine in a particular case." *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (citation omitted).

> First, a party's subsequent position must be clearly inconsistent with its former position. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Id.* (citation omitted). Ultimately, however, "judicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire*, 532 U.S. at 743 (internal quotation marks omitted).

The application of judicial estoppel in this instance is a difficult and close question. The court is unconvinced that it can decide this issue at this point in the litigation. The court finds that this issue is difficult due to the shifted context in which the PSP actual sales evidence is presented. Previously, the court excluded the evidence of PSP's actual sales after April 2018 because it was not relevant to calculating MFGPC's damages. Thus, MFGPC and the court were left with only a partial picture of Mrs. Fields' prepackaged popcorn business. Presently, MFGPC is attempting to extrapolate damages from that partial picture even though the truth of the value of the prepackaged popcorn business is readily available—and has been produced. Herein lies the catch 22; MFGPC would be harmed by the admission of late-produced evidence that this court previously deemed irrelevant while Mrs. Fields would be harmed if it could not use—in this new, different context—the true figures of PSP's actual sales to rebut MFGPC's damages

based on a partial picture of the PSP agreement. Since this is a close question, the court decides that it will address this issue when it arises during trial. Mrs. Fields has indicated that during trial it will attempt to limit MFGPC's damages expert's testimony. (ECF No. 274 at 4.) When the court is confronted with Mrs. Fields' arguments on that topic, it will then address the admissibility of actual post-April 2018 sales by PSP.

For the foregoing reasons, the court DENIES MFGPC's Motion in Limine No. 4 (ECF No. 265) for the sole purpose of reserving the issues contained therein for trial.

## CONCLUSION

For the foregoing reasons, the court GRANTS MFGPC's Motions in Limine No. 1 and 2 (ECF No. 262, 263) and DENIES MFGPC's Motions in Limine No. 3 and 4. (ECF No. 264, 265.) In granting the Motions in Limine No. 1 and 2, Mrs. Fields will be prohibited from offering testimony from its own witnesses or presenting its own evidence regarding (1) the invoices and royalties paid between it and MFGPC or (2) its affirmative defenses. Mrs. Fields will be permitted to examine MFGPC's witnesses or present MFGPC's documents on these topics. In denying MFGPC's Motion in Limine No. 3, the court will allow Mrs. Fields to present evidence of and testimony related to the existing records of the value of its prepackaged popcorn business. Lastly, the court denies MFGPC's Motion in Limine No. 4 (ECF No. 265) for the sole purpose of reserving the issues contained therein for when the court is confronted with those issues during trial.

DATED this 9th day of June 2021.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge